MALCOLM G. DOUGLAS v. TEXAS MEXICAN R'Y CO.

(Case No. 1667.)

1. MASTER AND SERVANT — NEGLIGENCE.— The rule in regard to injuries caused by fellow-servants embraces all grades and classes of servants engaged in the common employment. Yet it is well settled that when a superintendent, agent or foreman is empowered to select, employ and discharge such servants as operate under him, he is bound to use the same care in protecting such servants from injury as is imposed upon the master, and for any failure in this respect, resulting injuriously to the servant, the master must respond.

2. SAME — CONTRIBUTORY NEGLIGENCE.— In a suit against a railway company to recover damages for an injury sustained by the plaintiff while in its employment, it was alleged that defendant's master mechanic, to whose orders plaintiff was subject, had full power and authority to select, employ and discharge those that operated in that department; and that the danger of using a piece of timber as directed by the master mechanic was not apparent to the plaintiff from the position he had taken at the direction of the master mechanic; and that the means used by him at the direction of the master mechanic were only dangerous because of the raised condition of one of defendant's engines, which was unknown to him, but was known, or by the exercise of reasonable diligence could have been known, to the master mechanic. *Held:*

(1) That a good cause of action against the company was stated.

(2) That the facts alleged sufficiently negative contributory negligence on the part of the plaintiff.

APPEAL from Aransas. Tried below before the Hon. H. Clay Pleasants.

Plaintiff Douglas, by trade a plumber, alleged that he was employed by defendant at its shops, in Corpus Christi, to work in the line of his trade, when there was work of that kind to be done; that on the 1st of December, 1881, he was ordered by William Sutcliffe, who was in the shops of defendant in the character of master mechanic or general superintendent, to assist in getting a locomotive (No. 24), then on the track in process of construction, into the round house. Sutcliffe was present, superintending and directing the work. A locomotive and tender were backed up to the one standing on the track, and the tender fastened to it by a chain, for the purpose of drawing it into the round house. Sutcliffe ordered the plaintiff to get on the rear platform of the tender, to which locomotive No. 24 had been attached, and "block her," by interposing a piece of timber, as a fender, between the locomotive and the tender, to prevent a direct collision between them. Soon after the locomotive had been thus put in motion, the order was given to "stop her," and at the same time Sutcliffe gave plaintiff the order to "block her." Plaintiff responded by placing the piece of timber, supposed to be a railroad tie, against the draw-head of the tender, resting on the chain attaching the tender to locomotive No. 24, and asked Sutcliffe, who was looking on, if that was right. The latter answered: "Yes; that will do."

That in a moment, the locomotive, by the momentum it had acquired, struck the piece of timber at a point four or five inches higher than that at which it rested against the draw-head of the tender, causing the piece of timber to recoil violently, striking and crushing the left thigh of the plaintiff.

The body of the locomotive had been resting on blocks, which had raised it several feet above its usual level on the trucks, or running gear. These blocks had all been removed prior to commencing the drawing into the round house, except one layer, leaving the deck-plate of the locomotive at an elevation of only four or five inches above the level of the draw-head of the tender. This difference in height between the draw-head of the tender and the deck-plate of the engine, at the point of collision, caused the recoil of the piece of timber, and injury to plaintiff, who was ignorant of the facts, and inexperienced in that kind of work.

Suit was filed in Nueces county on the 3d of November, 1882, and removed by change of venue to Aransas county, for trial in March, 1883, setting forth the foregoing facts. On exceptions by defendant that the plaintiff contributed to and took the risk of the injuries

he sustained; that apparent danger existed at the time, and that plaintiff failed to allege reasonable care on his part, the district court sustained the exceptions; and on grounds that plaintiff's petition exhibited no cause of action, and his declining to amend, dismissed the case. Plaintiff excepted, gave notice of appeal and assigned errors.

*Lackey, Stayton & Kleberg* and *Wells, Rentfro & Hicks*, for appellant, cited: Gibson v. Pacific R. R. Co., 46 Mo., 163; 2 Am. Rep., 497; Hough v. Texas & Pacific R'y Co., 100 U. S., 213; 34 Am. Rep., 621; Howard Oil Co. v. Farmer, 56 Tex., 301; H. & T. C. R'y Co. v. Cowser, 57 Tex., 293; Texas Mutual Life Ins. Co. v. Davidge, 51 Tex., 244; Swann v. Muschke, 42 Tex., 342; Harrell v. Kemper, 44 Tex., 421; Elston v. Jasper, 45 Tex., 409; City of Marshall v. Bailey, 27 Tex., 686; McGowen v. Bush, 17 Tex., 195; Graham v. Stephen, 15 Tex., 93; Prewitt v. Farris, 5 Tex., 370; Underwood v. Parrott, 2 Tex., 168.

That the petition set forth a good cause of action, they cited: Texas Mexican R'y Co. v. Whitmore, 58 Tex., 276; G., H. & S. A. R. R. Co. v. Delahunty, 53 Tex., 206; H. & T. C. R'y Co. v. Dunham, 49 Tex., 181; 2 Redfield on the Law of Railways, pp. 525, 526; Pierce on Am. R. R. Law, p. 305; Thompson on Negligence, 1030; Gibson v. Pacific R. R. Co., 46 Mo., 163; Hough v. Texas R'y Co., 100 U. S., 213.

*H. Chilton*, for appellee, cited: Railroad Co. v. Myers, 55 Tex., 115; Railroad Co. v. Willie, 53 Tex., 329; Wood, Mast. & Serv., secs. 410, 437; id., pages 889 and 893; Faulkner v. Erie R. R., 49 Barb., 324; Laning v. R. R., 49 N. Y., 521; Sherman v. R. R., 17 N. Y., 153; Wilson v. Madison, 18 Ind., 226; Railroad Co. v. Lyde, 57 Tex., 510.

WATTS, J. COM. APP.— This is a suit against a railway company by an employee to recover damages for an injury received while in the discharge of his duty.

By sustaining the sixth and eighth special exceptions to the petition, the court evidently was of the opinion that appellant, by the allegations in the petition, had shown that his injuries had resulted from the negligence of a fellow-servant, and also by an accident in the regular course of his employment, the risks of which he had assumed in accepting the employment and entering the service.

It is alleged that appellant was injured by the negligence of the appellee, who was then present and acting in the person of its master mechanic. That the injury was the direct result of the use by him of a piece of timber furnished by the master mechanic, and

which was being used by appellant according to the direction of the master mechanic. It is alleged that, as used, this piece of timber was an unsafe and dangerous appliance, and that this fact was not known to appellant, but could have been known to the master mechanic by the exercise of reasonable care.

With us the rule of fellow-servant embraces all grades and classes of servants engaged in the common employment. Dallas v. G., C. & S. F. R'y Co., 61 Tex., 196. Nevertheless, it is well settled that where a superintendent, agent or foreman is empowered to select, employ and discharge such servants as operate under him, he is bound to use the same care in protecting such servants from injury as is imposed upon the master, and for any failure in this respect, resulting injuriously to the servant, the master must respond. G., H. & S. A. R'y Co. v. Drew, 59 Tex., 11; Wall v. T. &. P. R'y Co., 4 Tex. L. Rev., No. 3, p. 38.

It is also alleged that Sutcliffe, as master mechanic, and to whose orders appellant was subject, had full power and authority to select, employ and discharge those who operated in that department; and, also, that the danger in using the piece of timber, as directed by Sutcliffe, was not apparent to appellant from the position he had taken at the direction of Sutcliffe; that the means used by him, at the direction of Sutcliffe, were only dangerous because of the raised condition of one of the engines, which was unknown to him, but was known to Sutcliffe, or ought to have been known to him by the exercise of reasonable care.

From these allegations it would seem that a good cause of action was asserted against appellee; for, if these allegations are true, Sutcliffe must be considered the direct representative of the company, for whose negligence it would be responsible to the servants who were made subject to his control. G., H. & S. A. R'y Co. v. Sullivan, 5 Tex. L. Rev., No. 115.

The existence of contributory negligence upon the part of the appellant is sufficiently negatived by the facts alleged. T. & P. R'y Co. v. Murphy, 46 Tex., 356.

In our opinion the court below erred in sustaining the general demurrer and sixth and eighth special exceptions to appellant's petition.

Our conclusion is that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted March 26, 1885.]

STAYTON, J., not sitting.