## John A. Nix v. Texas Pacific Railway Company.
### No. 3206.

**1. Fellow Servant.** — While mere grades of rank of employes of a railway company engaged in a common employment will not destroy the relation of fellow servant, yet where one is authorized to employ and discharge servants working under him and to control them in their labor, his negligence would be that of the master. Douglas v. Railway, 63 Texas, 564, adhered to. See example.

**2. Master's Duty to Employe to Furnish Safe Implements.** — The court having instructed the jury that if the iron clamps used to fasten the belt used by the employer were in common use and not known to be dangerous, the defendant would not incur liability for injuries caused by them to an employe, when requested and there was some evidence upon the issue the court should have given the converse of the proposition. There was some evidence to the effect that those used by defendant on this belt were not like those in common use, and were more dangerous by reason of the difference.

**3. Same.**—The master owes to the servant ordinary care to provide safe machinery, and is not bound to obtain absolutely safe machinery, etc.

ERROR from Harrison. Tried below before Hon. A. J. BOOTY.
The opinion states the case.

*W. H. Pope* and *Wilson & Lane*, for plaintiff in error.—1. Plaintiff in error and said Rapp were not fellow servants; but said Rapp was a vice principal to plaintiff in error, and defendant in error was liable to plaintiff in error for said Rapp's negligence. Douglas v. Railway, 63 Texas, 564.

2. The court having instructed the jury that if the belt used at the time plaintiff was hurt was the kind commonly used in boring wells then defendant was not liable, it should have in that connection instructed the jury that if the corners on the fastenings or clamps on belts in common use were rounded, and that the corners on the fastenings on the belt by which plaintiff was hurt were square, and this difference in the corners on the belts contributed to injure plaintiff, then defendant would not be protected or justified in using them. Sayles' Civ. Stats., p. 439, notes 3 and 4; Id., p. 441, notes 5 and 6.

*F. H. Prendergast*, for defendant in error.—1. The court correctly charged the jury that Nix and Rapp were fellow servants. They were drilling a well in the ground by means of machinery and steam power. Rapp worked at the drill, and could regulate the amount of steam power by means of ropes. Nix worked at the engine and boiler and kept the engine in condition to work. Rapp started the machinery by means of the ropes, and the fastening on a belt caught a piece of hose and the hose struck Nix.

The true test as to who are fellow servants is to be found in the character of the act performed which causes the injury, and not in the rank or grade of the person performing it; not what was the scope and character of his duties, but the scope and character of the labor he was performing that caused the injury. Railway v. Farmer, 73 Texas, 87; Railway v. Smith, 76 Texas, 617; 25 Am. and Eng. Railway Cases, 520, and note; McKinney on Fel. Serv., p. 151. A person may be a fellow servant as to some duties and a vice principal as to others. McKinney on Fel. Serv., p. 110; Railway v. Blohn, 73 Texas, 640; Robinson v. Railway, 46 Texas, 541. The facts being admitted, it became a question for the court to decide whether Rapp and Nix were fellow servants or not, and they certainly were fellow servants in operating that machinery.

2. The court did not err in refusing plaintiff's charge, because it is not the duty of defendants to use the best possible clamps for fastening the belt, but ordinary care is all they owed.

COLLARD, JUDGE, *Section A.*—This suit was brought in the District Court of Harrison County by John A. Nix, plaintiff in error, to recover of defendant in error, the Texas & Pacific Railway Company, actual damages for personal injuries alleged to have been caused under the following circumstances:

Plaintiff and one Rapp were both in the employ of defendant, drilling a well for defendant at Sierra Blanco, Rapp as assistant foreman and plaintiff working under him as engineer, Rapp being in charge of the work and having power to employ and discharge hands engaged about the same. Plaintiff and Rapp were the only persons engaged in the work, and Rapp had employed plaintiff for defendant. On the 24th day of November, 1888, Rapp ordered plaintiff into the belt room to oil up the machinery used to operate the drill. While plaintiff was in the belt room, in obedience to this order, Rapp negligently and without warning plaintiff, applied the steam to the machinery and set the same in motion. This he did from the drill by means of ropes and pulleys connected with the engine. At the time the machinery started plaintiff was at or near the driving belt, which was fastened together by iron clamps, which were improperly constructed with square corners instead of round corners. The clamps caught up a hose used to

supply the engine and machinery with water; the hose struck plaintiff and forced him against a pulley, injuring his leg severely and crippling him for life. Plaintiff worked at the engine and Rapp at the drill, where he could by means of the ropes apply the steam at will and regulate the drill. Plaintiff also alleged that he did not know that the iron flanges used to fasten the belt were improperly constructed and were dangerous, but that defendant did know such fact.

Defendant answered by pleas of not guilty and contributory negligence on the part of plaintiff.

The trial resulted in a verdict and judgment for defendant.

The first assignment of error is, that the court erred in the charge to the jury instructing them as follows: "If the evidence shows that the plaintiff and one Rapp were in the service of the defendant, and while so in the service the plaintiff's duty was to manage as an engineer a certain stationary steam engine used for the purpose of driving a drill in order to sink a well for the defendant, and the said Rapp was to have charge of the drill used for the purpose of sinking said well, and, by means of ropes and pulleys connecting the drill with the engine, Rapp's duty was to apply the steam force of said drill, then said Rapp and plaintiff were fellow servants, and plaintiff could not recover for any injury to him by reason of any careless or negligent act of said Rapp, even though the jury believe that said Rapp had authority to employ and discharge the plaintiff from service of defendant."

This charge did not apply to the facts as shown by plaintiff, and was misleading. There was some evidence tending to show (but positively disputed by evidence for defendant) that Rapp was in charge of the work and that plaintiff was subject to his orders, as well as that Rapp had authority to employ and discharge plaintiff.

The rule, as we understand it, as now settled by the Supreme Court of this State, is that while mere grades of rank of employes of a railway company engaged in a common employment will not destroy the relation of fellow servants, yet where one is authorized to employ and discharge servants working under him his negligence would be that of the master. Douglas v. Railway, 63 Texas, 564. The power of such servant or agent to employ and discharge servants engaged with him in the same work will not alone constitute him the master, but where he has such power, as foreman of the work being done, over servants working under him and subject to his direction, his position is that of the master, and the master would be liable for his negligence causing injury to such servants. Railway v. Williams, 75 Texas, 7. The Supreme Court refused to recede from this doctrine in qualifying their approval of the opinion of the Commission of Appeals in the case of Railway v. Smith, 76 Texas, 618, 619. The charge complained of in this case was misleading. The jury may have understood it to mean that if Rapp had

the power to employ and discharge Nix, still they would be fellow servants, notwithstanding the latter may have been subject to the orders of the former. There was some evidence of this kind on plaintiff's side, which the jury may have thought had no effect under the charge. We do not say that the jury may not have found that Rapp was not authorized to employ and discharge, and that Nix was not working under him (the absence of either one of which facts would leave them fellow servants), but the court having instructed the jury that they would be fellow servants if Rapp had authority to employ and discharge Nix, it was misleading not to instruct them, in the same connection, that if Rapp had such power, and also the power as Nix's superior to direct and control him in his work, they would not be fellow servants, but that Rapp would be the master.

At request of defendant the court charged the jury, that "if the fastening of the belt was the kind commonly used on well-boring machinery, then defendant would be justified in using it for boring wells, and would not be liable for any damage caused by its use, unless defendant had information or reason to believe that its use was attended with danger." Plaintiff says that the court erred in refusing to give in this connection his requested charge, as follows: "If the fastenings on the belt were not, however, the same as those shown by defendant to have been used on such machinery, and if the corners of the iron plates on the belt were cut square, and if the corners of the fastenings of the machinery in common use for well-boring were rounded, and if the square corners were more dangerous than rounded, and the difference in said fastenings in any manner contributed to the cause of the injury, then defendant would not be protected in using them."

There was evidence before the court and jury to which the requested charge of the defendant given, and to which the requested charge of the plaintiff refused, applied. The court having instructed the jury that if the iron clamps used to fasten the belt used by defendant were in common use and were not known to be dangerous the defendant would not incur liability for injuries caused by them to an employe, the converse of the proposition should have been given when requested, there being some evidence to the effect that those used by defendant on this belt were not like those in common use, and were more dangerous because of their square instead of rounded corners.

In giving both the requested charges, the court should also have told the jury that the defendant was only bound to use ordinary care in furnishing machinery for the use of its employes, and that if there was more danger in the use of these clamps than those in common use, and plaintiff knew it or might have known it by the exercise of such care as a man of ordinary prudence and care would have used under like circumstances, he could not recover for injuries caused by them.

If plaintiff knew the risk, if there was any, in using the belt, or should have known it by such care, or if its defects were patent and open to common observation, he would be held to have assumed the risk with others incident to his employment.    Rogers v. Railway, 76 Texas, 305, 306, and authorities cited.

We conclude the judgment of the court below ought to be reversed and the cause remanded.

*Reversed and remanded.*