ECTOR HORTON ET AL. v. FORT WORTH PACKING AND PROVISION
COMPANY.

Decided June 6, 1903.

1.—Damages—Contributory Negligence—Charge of Court.

The violation by the servant of regulations affecting the operation of machinery was not specially pleaded as a part of the plea of contributory negligence, wherefore the court properly refused a special instruction upon the effect of an habitual violation of the regulation by the employes and managing officers of the defendant company.

2.—Same—Master and Servant—Assumed Risks.

The law of assumed risk does not impose upon the servant the duty of discovering or trying to discover that the master has failed to perform the duty he owes the servant, but treats. as risks of the employment, outside of the ordinary hazards, only those that arise from dangers of which the servant has actual knowledge, or which are obvious, so that knowledge thereof will be imputed to him. Note the opinion for a charge held, upon the whole, to properly state the principle.

3.—Same.

The servant assumes the risks of "such hazards as he would have learned by the exercise of that ordinary circumspection which a prudent man would use in the particular employment"—following Bonnet v. Railway, 89 Texas, 72. On this feature. of the principle note the opinion for charge held sufficient.

4.—Same—Practice.

A party will not be heard to complain of a charge which, if erroneous at all, is so to his advantage.

Appeal from the District Court of Tarrant. Tried below before Hon. M. E. Smith.

*Wynne, McCart & Bowlin,* for appellants.

*West, Chapman & West,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—The father of appellants was killed September 27, 1901, while in the service of appellee, under the following circumstances: He was at work on the second floor of a three-story building occupied by appellee, engaged in the course of his employment in talking to employes on the first floor through an elevator shaft, with his head in the shaft, when the elevator suddenly dropped from the third floor, striking his head and killing him instantly. The construction of the elevator, which was designed and used for handling freight only, was such as to render it unmanageable at times, when, as in this instance, it would drop from one floor to another, and sometimes even to the basement. The evidence tended to show and warranted a finding that the deceased must have known of this condition and of the consequent danger of putting his head in the shaft to talk to the men below. The evidence also tended to prove that the employes, who were in the habit of talking up and down the elevator shaft, had been forbidden to put their heads in the shaft, though there was also evidence tending to

show a common disregard of this regulation, and that this had been participated in by even the president of the company.

Violation of this regulation on the part of deceased, however, was not specially pleaded as a defense by appellee, though the plea of contributory negligence was broad enough perhaps to cover it, and was not specifically submitted in the charge of the court as a bar to recovery. We are of opinion, therefore, that the court did not err in refusing, as requested by appellants, to instruct the jury upon the effect of an habitual violation of the rule by the employes and the superior officers.

The defenses of assumed risk and of contributory negligence were thus submitted in the charge: "If you believe from the evidence that said elevator was defective and dangerous, but that this fact was known to said Horton, or if such defect, and the danger thereof, if any, was obvious and open to the inspection of the said Horton, then he will be deemed to have assumed the risk and plaintiffs can not recover. It was the duty of the deceased to use ordinary care for his safety and protection, and if you find from the evidence that the defendant's elevator was defective and that the defendant was guilty of negligence in maintaining and operating it in such defective condition, if any, yet if you believe from the evidence that the said Horton knew of the condition of the elevator and how it worked, or had he exercised ordinary care he would have known of the same, and that with such knowledge he placed his head in said shaft, and you believe from the evidence that his act in placing his head in said shaft, under the circumstances and in the manner he did, was negligence on his part, and you believe that such negligence, if any, caused or contributed to cause his death, then your verdict will be for the defendant."

It has been repeatedly held, in effect, both by this court and the Supreme Court that the law of assumed risk does not impose on the servant the duty of discovering or trying to discover that the master has failed to perform the duty he owes the servant, but treats as risks of the employment, outside of the ordinary hazards, only those that arise from dangers of which the servant has actual knowledge, or which are obvious, so that knowledge thereof will be imputed to him. In the charge quoted the word "inspection" was used which, properly defined, means careful or critical investigation, and standing alone, would clearly suggest a wrong idea to the jury, but when read in connection with "obvious and open," immediately preceding it, would hardly have done so. The meaning of the charge must have been that deceased assumed the risk if the danger was obvious and therefore open to his inspection or observation. The clause "and open to the inspection of said Horton" was superfluous and should have been omitted, but did not, in view of the context, when airly construed, convey the idea that he was under obligation to discover hidden dangers, or to take notice of any danger at all unless it was obvious. It is not complained of for using contradictory terms and thus confusing the jury, but only on the ground that it required deceased "to inspect to discover defects" in the elevator and "to discover the extraor-

dinary manner in which it was operated." Since we give it a different construction, the assignment (second), in so far as it complains of this part of the charge, as set forth in the first proposition under it, must be overruled.

The second proposition submitted under this assignment challenges the correctness of the latter portion of the charge above quoted, submitting the issue of contributory negligence, in that the latter clause of the following language was used: "Yet if you believe from the evidence that the said Horton knew of the condition of the elevator and how it worked, or had he exercised ordinary care he would have known the same," etc. While diligence to discover defects and dangers in the premises and appliances furnished by the master is not laid by the law on the servant, he is nevertheless expected at all times while engaged in the master's business to take such care for his own safety as a person of ordinary prudence would take under like circumstances, and a less degree of care, when a proximate cause of his injury, will prevent recovery. If Horton was ignorant of the condition of the elevator and how it worked and this was due to a want of such care as a person of ordinary prudence would have taken under the same circumstances and was a proximate cause of his injury, he was not entitled to recover. In view of what preceded and followed the language just quoted, the clause objected to might and perhaps should have been omitted, but we are not prepared to sustain the objection made to it that it embodied an erroneous proposition of law. As said by Chief Justice Gaines in Bonnet v. Railway, 89 Texas, 72, the servant assumes the risks of "such hazards as he would have learned by the exercise of that ordinary circumspection which a prudent man would use in the particular employment." So, in Railway v. Hannig, 91 Texas, 347, the servant assumes the risks arising from the failure of the master to do his duty where he knows of the failure and the attendant risks, "or in the ordinary discharge of his own duty must necessarily have acquired the knowledge." There can be no substantial difference between the expression, "had he exercised ordinary care he would have known of same," and those quoted above. It has been held, however, that the use of the word "could" for "would" in such connection would impose the duty of inspection or inquiry on the part of the servant. Railway v. Hannig, supra; Bookrun v. Railway, 57 S. W. Rep., 919.

The third and last proposition is that this charge "confused and blended the law of assumed risk and that of contributory negligence;" but if so, we fail to see how this was prejudicial to appellants. On the contrary, the charge seems rather susceptible of the construction that contributory negligence included assumed risk and would not bar a recovery without it, which was an error in appellant's favor. The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.