### Mrs. C. B. Klutts v. Gibson Brothers.

#### Decided November 19, 1904.

**1.—Master and Servant—Assumed Risk—Defective Appliances.**

A servant assumes the risks ordinarily incident to his employment and such as arise from open and obvious imperfections of things about which he is employed.

**2.—Same—Obvious Danger.**

Plaintiff was employed in a laundry, and her hand was injured by being drawn between the rollers of a cuff ironer. She did not allege in her petition that the danger was not an open and obvious one, but did aver that "there was more deceptive danger to persons handling said machine than would be apparent to one of ordinary observation, because of the rotary motion of the rollers of the same having a tendency to draw objects which came in contact therewith, and that the apparent or perceptible danger she assumed, if any, was because she believed and supposed defendants had as good and safe machinery as was obtainable by reasonable diligence." Held, not sufficient to show that the danger was not open and obvious, since she must have known of the tendency of rollers revolving in the same direction to draw objects coming in contact therewith, and it was not alleged that she was inexperienced in the work she was then doing.

**3.—Same.**

The fact that had a fender been provided the machine would have been safer, did not relieve plaintiff from such dangers as were obvious and apparent to her in working about a machine not so provided.

Appeal from the District Court of Kaufman. Tried below before Hon. J. E. Dillard.

*Lee R. Stroud,* for appellant.

*C. M. Crumbaugh,* for appellee.

BOOKHOUT, Associate Justice.—This suit was instituted by Mrs. C. B. Klutts in the District Court of Kaufman County against Gibson Brothers to recover damages for personal injuries alleged to have been sustained by her in getting her hand injured in a "collar and cuff ironer," which was being operated in the defendants' laundry. The defendants filed a general demurrer and special demurrers to the petition, which were sustained by the court and the cause dismissed, to which action plaintiff excepted and prosecuted her appeal.

The charging parts of the petition which appellant claims shows actionable negligence on the part of appellees, are: "That heretofore, to wit, on or about the 26th day of January, 1903, defendants were engaged in owning, running and operating a certain steam laundry in the city of Terrell, Kaufman County, Texas, as partners, under the firm name and style of 'Gibson Bros.' That on said date the plaintiff was working for defendants in their said laundry by virtue of a contract of employment entered into between plaintiff and defendants, and that a part of plaintiff's regular duties under said contract of employment was on each and every Monday morning to clean up all parts of said laundry, dust off the machinery and do the things necessary for placing said laundry in proper condition to begin its regular work, except she had nothing to do with supplying or constructing the machinery thereof. And that on said date plaintiff was engaged in her regular duties as aforesaid, and was cleaning and arranging a certain collar and cuff ironer in said laundry when, without her negligence, her left hand was caught between the rollers of said collar and cuff machine and forcibly carried as far as her elbow between said rollers, by reason of which her hand and arm were mangled, bruised and torn. That her said injuries were caused and brought about by and through defendants' negligence and carelessness in this: The said collar and cuff ironer was unsafe and defective in not being provided with any kind of protection to keep its operators or employes from being caught between said rollers, and the lower roller of the same being covered by a ducking or cloth, said ducking or cloth had become loose and wrinkled, and that under her duties plaintiff was trying to smooth said wrinkle when her hand and arm were caught between the moving rollers and injured as aforesaid. And that the defendants well knew that said roller machine was defective and unsafe, or by reasonable diligence might have known so, it being their special duties as managers and owners thereof, and that in either case they were guilty of negligence and become liable to plaintiff for her said damages. That it was through no fault of plaintiff that she was injured, as she was ignorant of the construction of said collar machine and was inexperienced and ignorant of the existence of any invention or appliance to protect persons' arms from being drawn therein, and did not know that its condition rendered her position more dangerous than was necessary and incident to the ordinary operation of that class of machinery. And that she was not at any time informed by defendants of this unnecessary danger, or of any appliance to avoid it, but was by defendants' negligence caused to work at the same unprotected when, as defendants well knew, and were in duty bound to know, there was in common use an important and necessary appliance which was called a 'fender,' and which would have prevented all such danger, and prevented such injury to plaintiff, and without which said collar and cuff ironer was not reasonably safe for the purposes for which the same was then being handled and used. In this connection plaintiff further shows to the court that there was more deceptive danger to persons handling said machine than would be apparent to one of ordinary observation because of the rotary motion of the roller of the same having a tendency to draw objects which came in contact

therewith; and that the apparent or perceptible danger was not such as to deter any person of ordinary prudence from the duties being performed by plaintiff; that whatever apparent danger she assumed, if any, was because she believed and supposed defendants had as good and safe machinery as was obtainable by reasonable diligence."

Defendants' demurrers to this petition having been sustained, a trial amendment was filed in which plaintiff alleged, "that she did not know that said machine was defective, but on the contrary believed it to be the very best kind that could be had. And, not being a mechanical genius, she did not know of any way to avoid the danger she was in performing said duties when so injured, and had she known of a way to have avoided it she would not have incurred the risk, and defendants wrongfully failed to inform her how the danger could be avoided by the use of a fender."

To the petition as amended the defendants then filed a general demurrer, which being sustained, the suit was dismissed.

This appeal challenges the correctness of the court's action in sustaining the demurrer. The rule is elementary that an employer is bound to use ordinary care in furnishing his employe with safe appliances suitable to his employment. It is also an elementary rule that the servant assumes the risks ordinarily incident to his employment and such as arise from open and obvious imperfections of things about which he is employed. As stated in the case of Texas & P. Ry. Co. v. Bradford, 66 Texas, 732, "The liability of the master to the servant for injuries resulting from the use of defective implements arises from the fact that it is the duty of the master to furnish implements not defective, and a servant, unless the defect be patent, may assume that the master in this respect has performed his duty; but when he has knowledge that the master has not done so, if he continues in the employment in which such defective implements are used, he must, ordinarily, be held to assume the risks incident to the service as it is attempted to be carried on, and not to assume only the risks incident to such service when carried on with implements not defective of their kind and suitable to the work undertaken." See also Missouri P. Ry. Co. v. Somers, 78 Texas, 439; Missouri, K. & T. Ry. Co. of Texas v. Hannig, 94 Texas, 350, 351; Bonnet v. Railway Co., 89 Texas, 72; Rogers v. Railway Co., 76 Texas, 502; Ladonia Cotton Oil Co. v. Shaw, 27 Texas Civ. App., 65, 65 S. W. Rep., 693.

The defect claimed to exist in the cuff ironer was that it was not provided with a "fender," which it was alleged would have prevented the injury to plaintiff's hand, and it was further alleged that such ironer was not reasonably safe "for the purposes for which the same was then being handled and used." It is not alleged that plaintiff was not aware of the danger of working around this ironer while it was in operation. Nor is it contended that the danger of doing so was not open and obvious. There is an allegation that "there was more deceptive danger to persons handling said machine than would be apparent to one of ordinary observation, because of the rotary motion of the rollers of the same having a tendency to draw objects which came in contact therewith; and that the apparent or perceptible danger she assumed, if any, was because

she believed and supposed defendants had as good and safe machinery as was obtainable by reasonable diligence." This allegation is not sufficient to show that the danger of working around the ironer, not provided with a "fender," was not open and obvious to plaintiff. She was a woman of mature years, and there is no allegation that she was .inexperienced in the work she was doing at the time she was injured. She must have known of the tendency of the rollers, revolving in the same direction, to draw objects coming in contact therewith. Nor does the fact that she did not know that the ironer was defective, in not being provided with a "fender," and believed it was the very best that could be made, relieve her from taking the risks of such dangers as were obvious, in using it without such fender. The fact that. had a fender been provided the machine would have been safer, did not relieve her from such dangers as were obvious and apparent to her in working about a machine not so provided.

We conclude there is no error in the judgment, and the same is affirmed.

*Affirmed.*