## E. M. SMITH v. ARMOUR & CO.

Decided January 14, 1905.

**1.—Master and Servant—Defective Appliance—Assumed Risk.**

Where the servant was required to work with a hydraulic punch which was old and worn, so that its handle was liable to slip from the slot and so cause injury to the hand of the person using it, and its defective condition and liability to cause such injury was known to the servant, the risk of using the punch was one which he assumed.

**2.—Same—Order of Foreman.**

An allegation that the defects and dangers from the operation of the punch were not so apparent and imminent as to justify a reasonably prudent man in refusing to attempt to use it when peremptorily ordered to do so by his foreman, held not sufficient to take the resulting injury from the field of assumed risks, no coercion being alleged.

**3.—Same—Obvious and Known Danger.**

Where the risks and dangers are obvious, or known to the servant, he assumes the risk of using the defective appliance, however careful and prudent he

may be in the use of it, and even though the neglect of the master may have been the efficient cause of the defects. The distinction between assumed risk and contributory negligence pointed out.

Appeal from the District Court of Tarrant. Tried below before Hon. Irby Dunklin.

*Wm. R. Booth,* for appellant.—It is the duty of the servant to obey the order of his superior unless said order involves personal risk so apparent and obvious that a reasonably prudent man would refuse to obey the order. Texas & N. O. Ry. Co. v. Kelley, 80 S. W. Rep., 79; Railway Co. v. De Walt, 70 S. W. Rep., 531; Railway Co. v. Lempe, 59 Texas, 22; Lang's Adm'r v. Railway (Ky.), 68 S. W. Rep., 695; Dalleman v. Saalfeldt, 48 L. R. A., 762; Stephens v. Railway Co., 96 Mo., 207, 9 S. W. Rep., 589; Moline Plow Co. v. Anderson, 19 Ill. App., 417; Patterson v. Railway Co., 76 Pa. St., 389, 16 Am. Rep., 412; Hawley v. Railway Co., 82 N. Y., 370; Railway v. Bayfield, 37 Mich., 205; Railway v. Rudd, 88 Va., 648, 14 S. E. Rep., 361; Stewart v. Evans, 48 L. T. N. S., 138; Steel Co. v. Schymanowski, 162 Ill., 447, 44 N. E. Rep., 876; Cole v. Transit Co., 81 S. W. Rep., 1138; Railway Co. v. Ampey, 93 Va., 108, 25 S. E. Rep., 226; Railway Co. v. Utz, 133 Ind., 265, 32 N. E. Rep., 881; Patten v. Railway Co., 96 N. C., 451, 1 S. E. Rep., 863; Newbury v. Lumber Co., 100 Iowa, 441, 69 N. W. Rep., 743; Press Brick Co. v. Sabkawiak, 34 Ill. App., 312; Schroeder v. Railway Co., 108 Mo., 322, 18 L. R. A., 827; Car Co. v. Parker, 100 Ind., 181; Roger v. Overton, 87 Ind., 410; Shortel v. St. Joe, 104 Mo., 114, 116 S. W. Rep., 397; 2 Baily on Master's Liab., secs. 3476-3502.

*West, Chapman & West,* for appellee.—Had Robinson been a vice-principal, his order to appellant to use the whiskey jack in question (appellant having used the same before, both alone and in connection with other employes, and being aware of the defects in the whiskey jack, and knowing the danger in using the same in such a defective condition) would not relieve appellant, in obeying such order, from assuming the risk. Labatt's Mast. and Serv., secs. 286, 288, 289, 438; Bonn v. Railway Co., 82 S. W. Rep., 808.

CONNER, CHIEF JUSTICE.—Appellant sued the appellee company for damages for personal injuries, and the assignments of error attack the action of the trial court in sustaining a general demurrer to his petition therefor. The petition, omitting formal parts, is as follows: "That the defendant is engaged in buying and killing and packing cattle and other livestock, and that for said purpose it owns and controls a very large house and building, and a very large killing and packing plant in Tarrant County, Texas, and employs a great number or hands to carry on and conduct the different branches of its said business, and that it has divers and sundry foremen superintending the different departments of its said killing and packing establishment, and that one Wichrick was in control and supervision of a certain mechanical department of the defendant's business, and was employed as foreman, and had authority by defendant to employ and discharge all hands in the

different subdepartments of his mechanical operations; and that the said Wichrick was a vice-principal of the defendant, and had under his control divers and sundry foremen.

"That on the said 25th day of March, 1903, the plaintiff was in the employment of the said defendant, and had been employed by the said Wichrick, who was authorized to employ and discharge the plaintiff; and the plaintiff was working under the direction and supervision of said Wichrick, and was under legal obligations to obey the instructions of the said Wichrick, and to perform any labor which the said Wichrick directed him to perform, and to perform it in the manner so directed, and to perform the same under the supervision of any foreman under whose direction he was placed; and that the said Wichrick placed the plaintiff under the control, direction and supervision of one Bob Robinson, and specifically ordered and directed plaintiff to work under the orders of the said Robinson, and to do and perform all those duties which the said Robinson directed him to do and perform, and to obey the orders of the said Robinson as implicitly and promptly as he should obey the orders of the said Wichrick.

"That the said Robinson had under his control one certain hydraulic punch, commonly known by the workmen as a "whiskey jack," and that said implement was old and worn, and unfit for the purposes for which it was being used, and that the defendant was guilty of negligence in having such an implement in its possession for its employes to work with; that said whiskey jack had a slot in which the handle was inserted whenever the same was desired to be used, and that said handle was worn, and said slot was worn, and that in its worn condition the handle was very hard to hold and maintain in said slot, and that the handle was liable to slip from the slot, and when it slipped out it was heavy, and liable to fall on and pinch the operator's fingers; that it was usual and customary for two men to handle said whiskey jack or hydraulic punch, one of them to handle the iron in which the hole was being punched and the other to manipulate the handle of the punch, and that, when one man alone manipulated the handle, he could do it with very little danger to himself, because, handling it with both hands, he could watch the handle and the slot, and was not liable to hurt himself.

"Plaintiff avers that, while said whiskey jack was old and worn and defective, and its defects and dangers were apparent or known to plaintiff, yet that said defects and dangers from the operation of the machine were not so apparent and imminent as to justify a reasonably prudent man from attempting to use it when peremptorily ordered so to do by said foreman; that plaintiff had previously safely used said implement by himself; that on the said 25th day of March, 1903, he was ordered by his said foreman, Bob Robinson, under whose authority he had been directed to work, as aforesaid, and who was present at the time and place of the injury, to go to work with the said implement and to punch a hole in a certain piece of iron, and that he was ordered to hold said iron and manipulate said implement by himself, without any assistance of any kind; that, in obedience to the order of the said Robinson, he attempted to use the implement as directed, and while so attempting to punch the hole in the iron, as aforesaid, and while he was

in the exercise of such care and prudence as a reasonably prudent man under the same circumstances would have exercised, and while he was attempting to manipulate the handle of the jack with his left hand, it, without any negligence on his part, slipped from the socket, and his weight being upon the handle, together with the weight of the handle, falling upon his finger, caught it between the handle and the wooden platform on which the implement rested, and mashed the little finger of his left hand very severely. That the said wound caused him great mental pain and physical anguish, and that said finger was split to the bone from the end of the first joint, and that plaintiff received immediate good medical treatment, care and attention, notwithstanding which, from the effects of said injury, he has become a permanent cripple in the said left finger; and that he has, ever since the receipt of said injuries, suffered great mental and physical distress and pain, and that his capacity for earning money and enjoying the pleasures and comforts of life has been very greatly and permanently diminished; that he is a blacksmith by trade, and before said injuries earned the sum of, to-wit, $2.50 per day, and that since said injuries, by reason thereof, he has been unable to earn, and has not earned, only the sum of, to wit, $1.15 per day; that by reason of said injuries he was compelled to and did employ physicians, at a cost of, to wit, $50, and medicine at a cost of, to wit, $25.

"That on account of the negligence of the defendant, as aforesaid, plaintiff has suffered permanent injuries, as aforesaid, and mental and physical pain, as aforesaid, and diminished capacity to earn money and enjoy life, and has expended much money for doctors' bills and medicines, all to his damage in the sum of $2,000."

The duty of the master to exercise ordinary care to furnish suitable and safe machinery, and to employ a sufficient number of competent and careful servants, is well established. (Texas Mid. Ry. Co. v. Whitmore, 58 Texas, 289; Missouri Pac. Ry. Co. v. Crenshaw, 71 Texas, 343; Gulf, C. & S. F. Ry. Co. v. Wells, 81 Texas, 686; Nix v. Texas & Pac. Ry. Co., 82 Texas, 476; Bonn v. Houston & S. A. Ry. Co., 82 S. W. Rep., 808.) Conceding this, and conceding a failure of the master in these respects, it is nevertheless true, with exception not necessary to here notice, that if the servant knows, or by the exercise of ordinary care for his own safety would have known, of the defect and failure of which he complains, and of the danger of a continued use of the defective machinery or of continuing labor without a sufficient number of competent and careful coservants, he assumes the risks arising from negligent failures of the master in the particulars mentioned. (Klutts v. Gibson Bros., 83 S. W. Rep., 404; Horton v. Fort Worth Pack. & Prov. Co., 33 Texas Civ. App., 150, 76 S. W. Rep., 211; Fort Worth Iron Works v. Stokes, 76 S. W. Rep., 231; Fort Worth & R. G. Ry. Co. v. Robinson, by this court not yet published, and authorities therein cited.)

Giving to the petition before us every reasonable intendment, and assuming that Robinson, under whose immediate supervision appellant was working, was not a coservant but a vice-principal, within the rule of the cases of which the case of the Oil Company v. McLain (66 S. W. Rep., 226), is an illustration, it is, nevertheless, distinctly alleged, as is

also otherwise manifest from the petition, that the "defects and dangers" of which appellant complains "were apparent or known" to him. If so, we are unable to see how he can escape the conclusion that the result for which he sues was within the field of risks assumed by him in continuing to labor. Neither coercion nor other circumstance is alleged forming an exception to the general rule, but only "that said defects and dangers from the operation of the machine were not so apparent and imminent as to justify a reasonably prudent man from attempting to use it when peremptorily ordered so to do by said foreman." This qualifying clause seems but a conclusion, but, giving it the most favorable consideration, together with the accompanying phrase, "that plaintiff had previously safely used said implement by himself," it merely shows a want of contributory negligence. Of this appellant may not have been guilty and yet have assumed the risk of the defects and dangers known to him. In the case of the Gulf, Colorado & Santa Fe Railway Company v. Gray (25 Texas Civ. App., 99, 63 S. W. Rep., 928), in which a writ of error was refused, we endeavored to point out the distinction between the doctrines of assumed risk and of contributory negligence, and there said: "With exception not necessary to be noticed, there are two kinds of risks that an employe is held to assume: (1) Those ordinarily arising out of the character of his employment, and not induced by negligence on the part of the employer; (2) those risks and dangers that are obvious or known to the employe. In this latter case, however careful and prudent he may be in the performance of his duties, he assumes the risk of any injury resulting from the obvious defect, even though the negligence of the employer may have been the efficient cause of the defect, situation, or danger. In these instances the law has given no right of action against the master at all. In cases of contributory negligence, however, the general right of recovery for injuries caused by the negligence of the employer is recognized, and may, in fact, be said to be comprehended within its very terms; but the contributory negligence of the injured employe is affirmative matter of defense that may be interposed by the master to defeat the operation of the general rule, and to relieve him from the ordinary consequences of his negligence," citing numerous authorities.

We adhere to the view thus expressed, and conclude that the action of the court on demurrer was correct, and that the judgment dismissing the cause should be affirmed.

*Affirmed.*