THE VILTER MANUFACTURING COMPANY v. JOHN B. KENT.

Decided November 13, 1907.

**1.—Master and Servant—Safe Appliance.**

The duty of the master with regard to appliances furnished the servant for performing his work is to exercise ordinary care to furnish, not an absolute obligation to furnish, such as are reasonably safe.

**2.—Same—Fellow Servants.**

A laborer, for the purpose of raising a heavy timber, drove a chisel therein and called a fellow laborer in his employer's service to prize upon same to lift the timber, and the latter fell and was injured by the giving way of the chisel which was insecurely fixed for the purpose. Held that the negligence, if any, was that of a fellow servant, and the injured person could not recover from the master.

Appeal from the County Court of McLennan County. Tried below before Hon. J. W. Baker.

*O. L. Stribbling* and *Lasiter & Harrison,* for appellant.—The charge was error because it placed upon the defendant a more onerous duty than the law prescribed, in that the defendant was required only to use reasonable care to furnish plaintiff reasonably safe appliances. The court erred in refusing to give the peremptory instruction requested, directing the jury to return a verdict for the defendant, because the undisputed evidence showed that the plaintiff was injured by reason of the negligence of one George Pauling, and the undisputed evidence also showed conclusively that said Pauling was the fellow servant of the plaintiff. Houston Ice & B. Co. v. Pisch, 77 S. W. Rep., 1048; Young v. Hahn, 96 Texas, 99; Maughmer v. Behring, 19 Texas Civ. App., 299.

*Jennings & Hamilton,* for appellee.

RICE, ASSOCIATE JUSTICE.—This was a suit by appellee against appellant to recover damages for personal injuries alleged to have been suffered while in the employ of appellant. It was alleged by appellee that he was directed by one of defendant's agents, while at work, to take hold of a chisel which had been driven by another employe into a piece of timber for the purpose of prizing up the timber, and had been told by said employe to pull down on the chisel, which he did. The negligence alleged was in respect to the way in which the chisel had been driven into the timber, in that it was insecurely fastened therein, and that, when he pulled down on it, it flew out, causing him to fall about twelve feet, inflicting injuries which were alleged to be permanent.

Appellant answered by general denial, assumed risk, contributory negligence, and that, if the chisel was negligently driven into the wood, that this was the work of a fellow servant of appellee, for whose acts appellant was not responsible.

The trial resulted in a verdict and judgment in favor of appellee in the sum of $800, from which this appeal is prosecuted.

Appellant's seventh assignment of error is addressed to supposed error in special charge No. 1, given to the jury at the instance of appellee, and which is as follows: "You are instructed that it was the duty of the defendant to furnish the plaintiff, as its servant and employe, with reasonably safe appliances to work with in any work he was called upon by defendant to perform; and, as a matter of law, plaintiff had the right to assume, when he was directed to pull or push down upon the chisel fastened to the piece of timber that was to be raised, that said chisel was securely fastened to said timber, sufficiently so, at least, to accomplish the purpose intended, for which plaintiff was so directed to pull or push down on same, and plaintiff was not required to put said appliance to any test before pulling or pushing down on same to determine whether the said chisel was securely fastened to said timber, unless you shall find from the evidence that the insecurity of the fastening of said chisel was apparent to plaintiff when he was called upon to pull or push down upon same from the manner it was driven into said timber was otherwise observable, so as to put plaintiff on his guard, and to warn him of such probable insecurity of said fastening, and unless you do so find that plaintiff was so warned or cautioned he was not guilty of assumed risk in pulling or pushing down upon said chisel without first testing the same before doing so."

It will be noticed that said special charge made it the absolute duty of appellant to furnish the plaintiff, as its servant and employe, with reasonably safe appliances to work with in any work he was called upon by defendant to perform, etc. This charge, in our judgment, was error, because it was only the duty of appellant to exercise ordinary care to furnish safe appliances for the use of its servants; and if it had discharged this duty by the exercise of ordinary care it would be absolved from liability in the event of injury arising therefrom. Gulf, C. & S. F. Ry. Co. v. Wells, 81 Texas, 686; Nix v. Texas & P. Ry. Co., 82 Texas, 476; Galveston, H. & S. A. Ry. Co. v. Gormley, 91 Texas, 393; Missouri Pac. Ry. v. Lyde, 57 Texas, 505; 20 Am. & Eng.

Ency. Law (2d ed.), p. 74; Woods' Master & Servant, p. 687, secs. 344-5.

Appellant also complains, in its ninth assignment of error, of the action of the court in the sixth paragraph of its charge, which is as follows: "Now, if you believe from the evidence in this case that the defendant company failed to securely fasten said chisel, and that such failure, if any, was negligence upon the part of the defendant company, and was the proximate cause of plaintiff's injuries, if any, you will find for the plaintiff."

This charge made it the duty of the jury to find for appellee in the event that appellant failed to securely fasten the chisel, provided that such failure, if any, was negligence upon the part of appellant. We think that the charge would have been correct, provided it had also required the jury to find, not only that the chisel had been insecurely fastened, but that appellant failed to exercise ordinary care to securely fasten same.

Appellant's first assignment of error complains of the action of the trial court in refusing to give a peremptory instruction directing the jury to return a verdict for the defendant, because it is contended that the undisputed evidence showed that the plaintiff was injured by reason of the negligence of one Pauling, and that said Pauling was a fellow servant of plaintiff. We are inclined to the opinion that this assignment is well taken. The evidence shows that Pauling, as well as appellee, were common day laborers. Pauling had no right nor authority to employ or discharge appellee, and no such authority is claimed for him, and Paulson, the party who directed Pauling to call to his assistance any one of the hands who might be nearest to him, had no such right or authority to employ or discharge appellee or any of the others. Pauling and appellee were fellow servants; therefore, under the well-established rule in this State, a peremptory charge should have been given instructing a verdict in behalf of the defendant. Houston Ice & B. Co. v. Pisch, 77 S. W. Rep., 1048; Young v. Hahn, 96 Texas, 90; Maughmer v. Behring, 19 Texas Civ. App., 299; Texas Central R. R. Co. v. Frazier, 90 Texas, 33.

For the failure of the court to so instruct the jury this case is reversed and rendered in favor of appellant.

*Reversed and rendered.*