JOSEPHINE MEDLIN ET AL. v. JOHN WILKENS ET AL.

No. 5.

1. **Burden of Proof—Trespass to Try Title.**—Defendants in an action of trespass to try title denied that they were in possession of the land sued for, alleging possession of an adjoining tract. In such case it devolved upon the plaintiffs to prove that the defendants were in possession of the land sued for; failing in this, plaintiffs could not recover.

2. **Ancient Boundaries — Testimony of Deceased Witness. —** Touching the locality of an ancient boundary line, the testimony of a deceased witness at a former trial may be proved, although such testimony gave the declarations of a party then dead, made many years before, when the line, then ancient, was pointed out to the witness.

3. **Abandoned Pleadings as Evidence.**—Abandoned pleadings are incompetent to prove a material fact. If, however, portions of an answer be admitted in evidence, the party so reading from his adversary's pleadings in evidence can not complain of the admission of other parts of such pleadings in explanation.

APPEAL from Bexar. Tried below before Hon. G. H. NOONAN.

The facts are given in the opinion, except as to the assignment of error concerning the admission of the testimony of witness Semlieges. Said witness for the defendants testified: "I was present at the last trial of this case, when Frank Paschal was examined as a witness. He is now dead. I recollect something of what Paschal testified to on that trial. Paschal said he was present with the appraisers of Dimmitt's estate when the land was appraised and sold by Dimmitt's administrator. That the

northwest corner of the land began at an old stone dam in the Madre ditch, about 100 varas south of the Alameda, and went east to vacant lands, and south of the old stone dam along the ditch to the old Goliad road; that the boundaries were pointed out by an old Mexican, who was dead. I think he said his name was Rodriguez; that he knew all about the suerte; that it was called the Fuentes suerte."

Verdict and judgment for defendants, and the plantiffs appeal.

*Denman & Franklin, S. G. Newton, W. M. Rust,* and *T. T. Teel,* for appellants.—1. The declarations of deceased persons as to the boundaries of a tract of land are only admissible when it is shown that such deceased person knew the boundaries thereof, either from personal knowledge or from common reputation in the neighborhood; but such evidence is not admissible to show that a boundary is incorrectly described in a deed. Stroud v. Springfield, 28 Texas, 665; George v. Thomas, 16 Texas, 92; De Leon v. White, 9 Texas, 607; Putnam v. Bowen, 1 Cal., 358; Parsons v. Miller, 15 Wend., 561; Sedg. & Wait on Tr. Title to Land, sec. 824, and notes; Parker v. Kane, 22 How., 1; Dean v. Erskine, 18 N. H., 83; Child v. Wells, 13 Pick., 121; Frost v. Spaulding, 19 Pick., 445; Dodge v. Nichols, 5 Allen, 548; Pride v. Lunt, 19 Me., 115; Spiller v. Scribner, 36 Vt., 247; Clark v. Baird, 9 N. Y., 183; Terry v. Chandler, 16 N. Y., 358; Drew v. Swift, 46 N. Y., 209; McCoy v. Galloway, 3 Ohio St., 283.

2. While the allegations in the answer of the defendants could be used by plaintiffs to show title in Philip Dimmitt, the defendants could not introduce other portions of the answer to show title in themselves under Dimmitt, or as evidence of the boundaries of the land in controversy. Hardy v. De Leon, 5 Texas, 243, and cases cited; Cole's Admrs. v. Perry's Exr., 7 Texas, 169; Young v. Epperson, 14 Texas, 625; Fowler v. Davenport, 21 Texas, 633; Rairdon v. Railway, 29 N. W. Rep., 600; Gale v. Shellock, 29 N. W. Rep., 663; 1 Greenl. Ev., sec. 202; 1 Whart. Ev., sec. 837; 2 Whart. Ev., pars. 1184–1186; 4 Minor Inst., 908.

*C. Upson* and *Barnard & Green,* for appellees.—1. What a deceased witness testified to on a former trial between the same parties may be testified to and may be proved by witnesses who heard the testimony of the deceased witness, and such evidence becomes primary in its character. Dwyer v. Rippetoe, 72 Texas, 520; Thurmond v. Trammell, 28 Texas, 382; 1 Greenl. Ev., sec. 163; 1 Whart. Ev., sec. 177.

2. On questions of boundaries the declarations of deceased persons who were in a position to possess information on the subject, and were not interested, are admissible in evidence, even when the declarations were not a part of the original gestæ. Stroud v. Springfield, 28 Texas, 649; 1 Whart. Ev., sec. 248.

3.  The appellees contend that under our system of pleading the appellants had no right to introduce any part of an answer on a former trial. The defendant in his answer may plead as many several matters, whether of law or fact, as he shall think necessary for his defense, and which may be pertinent to the cause.   To allow the plaintiff to introduce a former answer would be virtually introducing one plea to destroy another.   Rev. Stats., art. 1262; Coats v. Elliott, 23 Texas, 610–613.

4.  The introduction of part of defendants' answer on a former trial certainly entitled the defendants to the remainder of the answer upon the same subject matter, and explanatory of that part introduced by the plaintiffs.   Smith v. Chenault, 48 Texas, 459; Wheeler v. Styles, 28 Texas, 246; Best on Ev., sec. 520; Whart. Ev., secs. 1102, 1103.

5.  In the action of trespass to try title, where the defendant denies specifically that he is in possession of the grant or tract of land claimed by the plaintiff, and sets up specifically the particular grant or tract in the possession of which he claims to be, before the defendant can be ousted it is incumbent upon the plaintiff to prove that the defendant is within the boundaries of the grant or tract set out in the petition.   Echols v. McKie, 60 Texas, 41; Cook v. Dennis, 61 Texas, 246; McNamara v. Meunsch, 66 Texas, 69; Stroud v. Springfield, 28 Texas, 673.

6.  It is elementary law in this State, that in the action of trespass to try title the plaintiff must recover in one of three ways: by proving, first, title from the sovereignty of the soil down to himself; second, by showing that he and the defendant claim title from a common source, and that the plaintiff's title is the better from said source; third, by showing prior possession under one of the statutes of limitation, and using it as a weapon of offense.

(a)  Plaintiffs did not prove title from the sovere'gnty of the soil.

(b)  Plaintiffs have not proved that the defendants claimed identically the same land from the same source, and hence they have not entitled themselves to recover under the doctrine known in the action of trespass to try title as " common source."   We regard this as the only question in this record.

FISHER, Chief Justice.—July 18, 1868, appellants sued the appellees in trespass to try title.   September 3, 1888, the appellants amended their petition, upon which the case was tried.

The amended petition described the land sued for as " One suerte of land in the city of San Antonio, Bexar County, Texas, known as the Maria Gertrudes de Torres suerte, bounded on the north by Thomas Martinez suerte, west by the Acequia Madre, south by the Fuentes suerte, and east by what was known at the time of the original grant as vacant land, and having a front of about 120 varas on said Acequia Madre, and running back 440 varas to said vacant lands, and being fully described in

the plat made by G. Friesleben, and made a part of the report of C. Hartnett, surveyor herein; said property having been, without consent of petitioners, subdivided into lots and streets and alleys, as shown by said plat, as follows:   Lots 1, 2, 3, 4, 5, 6, 7, 8, between Water Street on the west and Second Street on the east, bounded south by North Street and north by the north line of the suerte; lots 1, 2, 3, 4, 5, 6, 7, 8, bounded west by Second Street, south by North Street, east by Third Street, and north by the north line of suerte; lots 1, 2, 3, 4, bounded west by Third Street, south by North Street, east by east line of suerte, and north by north line of the suerte; lots 16, 15, 14, 13, 12, 11, 10, 9, bounded west by Water Street, south by an alley, east by Second Street, and north by North Street; lots 22, 21, 20, 19, 18, 17, 16, 15, bounded west by Second Street, south by alley, east by Third Street, north by North Street; lots 14, 13, 12, bounded west by Third Street, south by alley, east by east boundary line of this suerte, and north by North Street; and also a tier of fractional lots, bounded west by Water Street, south by said Fuentes suerte, and east by east line of this suerte, and north by said alley; said tier of fractional lots crossing Second and Third streets.   Said lots and streets comprising said Maria Gertrudes Torres suerte.''

The petition also alleged that plaintiffs and defendants claimed the land from Philip Dimmitt as common source.

Defendants plead not guilty, and the three, five, and ten years statutes of limitations; also deny that they are in possession of the land described in plaintiffs' petition as the Maria Gertrudes de Torres suerte, and allege that they are in possession of the Ramon de la Fuentes suerte, of which the land sued for is a part; deny any title of plaintiffs in the land, and say that Philip Dimmitt is not common source.

The plaintiffs, in replication to the pleas of limitations, plead minority and coverture.

Verdict and judgment were rendered in favor of defendants.

*Findings of Fact.*—1. That the plaintiffs are the heirs at law of Philip Dimmitt and his wife.   Philip Dimmitt died in 1841, and his wife in 1855.

2. From admission made at a former trial of this case and from recitals in deeds, it is evident that the Torres suerte and the Fuentes suerte formerly belonged to Philip Dimmitt.

3. No written conveyance was shown by defendants, passing title out of Philip Dimmitt and wife.

4. From the entire range of facts, the evidence is not sufficient to entitle the defendants to recover and hold all of the land by limitation.

5. The plaintiffs failed to show by evidence that the defendants were in possession of the Torres suerte, the land sued for; but, upon the contrary, the evidence in the record shows that these defendants and Beck, under whom they claim, asserted title to the Fuentes suerte, and that

they were in possession of land within the boundaries of said suerte, and not in possession or claiming land within the Torres suerte.

This being an ordinary action of trespass to try title, and the plaintiffs claiming title to the Maria Gertrudes de Torres suerte, and alleging a trespass by defendants upon that survey, and the defendants having denied that they were in possession of that suerte, but were in possession of the Fuentes suerte, the burden was upon the plaintiffs to prove that defendants were in possession of the land sued for and described in their petition. Having failed to do this, but, upon the contrary, the evidence showing that the defendants were within the bounds of the Fuentes suerte, and not within the limits of the Torres suerte, the plaintiffs were not entitled to recover.

The fact that Philip Dimmitt was formerly the owner of the Torres and Fuentes suertes, and may be regarded as the common source of title, would not relieve the plaintiffs from proving possession by defendants of the land sued for and described in their petition, when such possession is expressly denied.

Plaintiffs will not be permitted to sue for one tract of land and recover another not described and mentioned in their petition.

The evidence of witness Semlieges, as complained of in appellants' third assignment of error, was admissible, not upon the ground that plaintiffs were bound by the testimony of the deceased witness Paschal as given on the former trial, but upon the ground that Paschal's statement as to what was said and done by Rodriguez when he pointed out the lines of the Fuentes suerte was admissible, it appearing that Rodriguez was dead when Paschal testified, and that he had known the lines of the suerte since 1825, the boundaries of the land being ancient when he pointed it out to Paschal.

This disposition that we make of the case relieves us of the necessity of passing upon all the questions raised by the various assignments of error.

The reading of a portion of their answer by appellees to the jury, as complained of in appellants' sixteenth assignment of error, was in explanation of certain parts of the answer that were read by the appellants to the jury.

We think it was error for the appellants, in the first instance, to read abandoned pleadings as evidence to prove a fact material; but when they did so, it was permissible for the appellees to introduce other parts of the answer that explained that so read.

The judgment of the court below is affirmed.

*Affirmed.*

Delivered November 16, 1892.