### H. G. CARTER V. JOE BOLIN ET AL.

#### No. 1247.

**Promissory Note—Failure of Consideration.**

Where a promissory note, executed without consideration, is endorsed and transferred by the payee to a creditor of his in payment of an open account, such payee can not, in an action brought on the note after the account is barred by limitations, maintain a plea of want or failure of consideration of the note.

APPEAL from Falls. Tried below before Hon. L. W. GOODRICH.

*John L. Dyer* and *Rice & Bartlett,* for appellant.

*Z. I. Harlan* and *J. A. Martin,* for appellees.

KEY, ASSOCIATE JUSTICE.—On the evidence this court finds, as conclusions of facts:

1. The defendant Joe Bolin executed, and the defendant J. P. Bolin endorsed the notes sued on, as alleged in the plaintiff's petition.

2. The land for which said notes were given was, on the first day of November, 1889, conveyed by general warranty deed from J. P. Bolin to Joe Bolin; which retained a lien to secure said notes.

3. In June, 1884, J. P. Bolin and intervenor, Francis T. Bolin, were married. In October, 1884, J. P. Bolin bought the land in question from Snodgrass, taking the deed in his own name. In August, 1884, Mrs. Francis T. Bolin received $5,000, which was her separate money, and it was agreed between her and her husband, J. P. Bolin, that the land was to be paid for with her separate means and was to be her separate property, and she did not know until after the land was paid for that the deed had been taken in her husband's name. The consideration was $2000, of which amount $400 or $500 was paid when the land was bought and the remainder was paid one or two years afterwards; all the consideration being paid out of Mrs. Francis T. Bolin's separate means.

4. There was testimony before the jury to the effect, and we therefore find, that the plaintiff Carter had notice that the land was bought

with Mrs. Francis T. Bolin's separate means before the notes sued on were assigned to him.

5. The plaintiff Carter took the notes sued on in part payment of an indebtedness, upon open account, from J. P. Bolin to him. This occurred in October or November, 1889, and the plaintiff credited the amount of the notes on J. P. Bolin's account, leaving a balance still owing on the account.

6. At the time Joe Bolin executed and J. P. Bolin endorsed the notes sued on they knew that the land had been paid for by J. P. Bolin with the separate means of Mrs. Francis T. Bolin.

*Conclusions of Law.*—1. At the last term of this court the judgment appealed from in this case was reversed, because the verdict, as disclosed by the record, did not support the judgment. It being made to appear that the verdict had not been correctly copied in the transcript, the judgment of reversal was set aside and a writ of certiorari awarded to perfect the record. The clerk below has sent up a correct copy of the verdict, and it supports the judgment.

2. Appellant's eighth assignment of error complains of the verdict and judgment, especially as to J. P. Bolin. The contention is that the evidence fails to show any failure of consideration as to him. After further consideration of this assignment, our conclusion is that it should be sustained. Though as to Joe Bolin, the maker of the notes, there may have been a want or failure of consideration, J. P. Bolin having endorsed them to the plaintiff and used them in payment of an indebtedness that would now be barred by the statute of limitation, we think he should be held liable thereon.

3. As to J. P. Bolin, the judgment of the District Court will be reversed; and judgment will here be rendered for the plaintiff, H. G. Carter, against J. P. Bolin, for the amount of the notes sued on, with interest and 10 per cent attorney's fee. As to the other appellees, and in all other respects, the judgment of the District Court will be affirmed. The costs of this appeal will be taxed against J. P. Bolin.

*Reversed and rendered in part.*

*Affirmed in part.*

Delivered September 11, 1895.