### G. A. MEYER v. ANTON MATTES.

Delivered November 26, 1896.

**Statement of Facts—Reversal for Failure of Trial Judge to Certify.**

Appellant's counsel prepared a statement of facts and in due time submitted it to appellee's counsel, who declined to agree to it, but promised to make out one himself, and though several times called on for it, had not done so on the last day of the time allowed, whereupon appellant's counsel took his own statement to the trial judge who declined to approve it, or to make out one himself, for want of time and because, having no independent recollection of the facts, he needed the aid of a statement by appellee's counsel. Held, that the case would not be considered on its merits for want of a legal statement of facts, but, as appellant had done all the law required of him, the cause would be reversed in order to protect his rights.

APPEAL from the County Court of Galveston. Tried below before Hon. WM. B. LOCKHART.

*Spencer & Kincaid* and *John D. Fearhake,* for appellant.

[No brief for appellee reached the Reporter.]

NEILL, ASSOCIATE JUSTICE.—The term of court at which this cause was tried ended on the 30th day of October, 1895. Judgment was rendered for the appellee on the 26th of September, 1895. Appellant's motion for a new trial was overruled on October 19, 1895, notice of ap-

peal then given, and ten days allowed after adjournment within which to file a statement of facts. There is a paper incorporated in the record styled "Statement of Facts," which the trial judge certifies was presented to him for approval by appellant's attorney on the 9th day of November, 1895, with the statement by the attorney that he had prepared it about ten days prior to said date, and that since that date it had been in the hands of counsel for appellee with whom said attorney was trying to agree, but that appellee's counsel had announced to him that he could not agree to such statement, and would himself prepare and submit a statement to the judge for his approval. The judge then certifies that appellee's counsel had not presented such statement, and that he (the judge) has no independent recollection of the facts proven on the trial, and that it is impossible for him to make out a statement of facts without the assistance of appellee's counsel; that there is not sufficient time remaining for him to make out a statement, and that therefore he refuses the request of appellant's counsel and declines to either approve the statement presented or to make out and approve one himself.

The counsel for appellant appends to statement of facts which he prepared and presented to the judge an affidavit in which he swears that it was prepared and presented to counsel for appellee on or about the 28th day of October, 1895; that said statement remained in the hands of said attorney continuously from the 28th day of October, 1895, until the 9th day of November, the date upon which said statement was filed in the office of the county clerk; that between said dates he made several visits to the office of appellee's attorney, endeavoring to procure his agreement to such statement; that the attorney told him he could not agree to it, but that he would prepare and hand the judge a statement of his own, and requested affiant to leave the statement with him, as it would aid him in compiling a statement of facts; that again on the morning of 9th day of November, 1895, he went to said attorney's office and was told by him that he had not prepared his statement, but that he would do so; that about 1 o'clock on the same day he again went to the office of appellee's counsel, and finding that he had not prepared a statement of facts, affiant took his own statement and presented it to the county judge about 3 o'clock for his approval, whereupon the county judge declined to approve it, saying that he had no independent recollection of the facts proven on the trial, and without the assistance of a statement from appellee's counsel, he could not make a statement of his own. This affidavit is not controverted.

The statute provides that either party may make out a statement of facts given in evidence on the trial and submit the same to the opposite party or his attorney for inspection, and that if the parties do not agree upon such statement of facts  *  *  *  the parties may submit their respective statements to the judge, who shall, from his own knowledge, with the aid of such statement  *  *  *  make out and sign and file with the clerk a correct statement of the facts proven on the trial,

and such statement shall constitute a part of the record. Revised Statutes of 1895, arts. 1379 and 1378. There is no provision made for filing a statement of facts and having it considered a part of the record, which is not approved and signed by the trial judge. Therefore the paper in the transcript styled "Statement of Facts" cannot be considered. Yet, as the certificate of the trial judge and the affidavit of appellant's counsel show that appellant did everything required of him by law to procure a statement of facts, and his failure to do it arose from the neglect of appellee's counsel to prepare, as he promised, and as was his duty, a statement and present it to the judge, we will not consider the merits of this case in the absence of a statement of facts, for to do so would practically be to deny appellant his right to have the errors he has assigned considered in the light of a complete record of the trial. This right of appellant to so have his cause considered on appeal is guaranteed him by law, and as he has done everything required by law to secure such right, and has been denied it, justice to him requires that we should reverse the judgment of the court below and remand the cause for another trial, which is accordingly done.

*Reversed and remanded.*