International & Great Northern Railroad Company et al. v.
E. L. Parish.

Delivered January 12, 1898.

**1. Carriers—Limiting Common Law Liability.**

Article 320, Revised Statutes, prohibiting common carriers from limiting their liability as at common law, renders nugatory a provision in a contract for the shipment of live stock exempting the carrier from liability for injuries in overloading; and also, where the shipper prepays the freight, a provision that the value of the stock at the place of shipment shall be the basis of value in measuring the damages for injury in the shipment.

**2. Practice on Appeal—Repugnancy in Charge of Court.**

Appellant can not complain of repugnancy in the charge of court where the incorrect instruction which causes the repugnancy was given at his own request.

Appeal from Houston. Tried below before Hon. E. Winfree.

*G. H. Gould,* for appellant.

*Nunn & Nunn,* for appellee.

Neill, Associate Justice.—This suit was brought by E. L. Parish against the International & Great Northern and Texas & Pacific Railroad Companies to recover $205 damages on account of horses killed and injured, shipped by him over said roads from Sweetwater to Crockett, Texas.

The damages are alleged to have been occasioned by overloading and negligent handling.

In addition to a general denial, appellants plead that the direct result of the damages complained of was appellee's negligence and the wild and unruly condition of the horses shipped.

There was a trial before a jury, which resulted in a judgment against appellants for $150 damages, from which they have appealed.

That some of the horses were killed and others injured in transportation is undisputed; and the evidence is sufficient on either of the grounds alleged as the occasion of the injuries to support the verdict.

The questions presented for our consideration are: First, whether, if the damages were occasioned by overloading, appellants are liable? Second, if liable, whether, under the contract, the value of the horses at the place of shipment or place of destination should be taken in measuring the damages.

The contract of shipment, which is attached to and made a part of appellee's petition, is upon its face styled "Live Stock Contract, Limiting the Liability of Carriers." It is stipulated in this contract that appellee assumes and releases appellants from risk, injury, or loss which may be sustained by reason of * * * overloading cars, fright of animals, or crowding one upon another, or any or all other causes, except appellants' negligence. By the contract, appellee agreed that in case of

total loss of his stock from any cause for which the carrier would be liable, to pay for the same the actual cash value at the time and place of shipment, but in no case to exceed the declared value of, if horses * * * , one hundred dollars per head, which shall be taken and deemed as full compensation therefor, and in case of injury or partial loss the amount of damage claimed shall not exceed the same proportions. We will assume that by this stipulation it was intended that the carrier should pay for the loss, and not, as the contract reads, that the owner of the horses should himself pay a loss for which the carrier would be liable. This must be a mistake made in drafting the contract, or of the printer, and will so treat it, and consider the stipulation in accordance with the evident intention of the parties.

Common carriers in this State can not limit or restrict their liability as it exists at common law in any manner whatever, and a special agreement made in contravention of this statutory inhibition is void. Rev. Stats. 1895, art. 320.

Railroad companies are common carriers of live stock, with substantially the same duties and responsibilities that existed at common law with respect to the carriage of goods, except that they are not liable as insurers against loss and injury resulting from the inherent nature, propensities, or "proper vice" of the animals themselves. Elliott on Railroads, sec. 1545; Railway v. Trawick, 68 Texas, 314; Railway v. Harris, 67 Texas, 166. From this it follows that a contract which by its terms purports to exempt the railway from injury to cattle in transportation, except such as might result from its negligence, is, as to such purported limitation on its liability, invalid. Railway v. Harris, supra.

By the very terms of the contract it was contemplated by the carrier that injury or loss might be sustained by reason of overloading the cars and it recognized its liability for such loss and endeavored to avoid it by stipulating against it. It is not pleaded nor shown that the appellee contracted or assumed the duty of loading the cars, and, in the absence of such a contract or assumption on his part, the duty of properly loading rested upon appellants. The very term "overloading," the effect of which was stipulated against, signifies that overloading the cars was not a proper loading, and a breach of appellant's duty for which they were liable as common carriers to the shipper. The evidence shows that this overloading was done by appellants, and that their agent assured the appellee, when he expressed his apprehensions that there might not be room enough in the car to safely carry the animals, that he knew his business, and the car was not overloaded. It also proves that appellee, who had no experience in loading cars with horses, believed and relied upon such assurance of the agent. The evidence, as is before stated, discloses the fact that the car was overloaded, and that such overloading, together with appellants' negligent handling in transportation, was the occasion of the damages sued for. This overloading was then a breach of appellants' common law liability and could not be avoided by the stipulation in the contract, by which which it was sought to be limited.

The court having charged the jury to find for the appellee if they believed the horses were injured by reason of overloading and being crowded in the car, at the request of appellants instructed the jury to find for them if they believed the horses were injured by being overloaded and crowded. The repugnancy of these charges is apparent. But the responsibility for the inconsistency is upon appellants, who caused the court to give an instruction in their favor at variance with the law upon which the court had given a proper charge. Had the verdict been different, the appellee could have justly complained of the repugnancy in the charges thus occasioned, but the appellants can not, for it was to their advantage and they could not have been injured by it. Gooch v. Addison, 13 Texas Civ. App., 76.

Having concluded that appellants are liable for the damages occasioned by overloading, we will consider the other question stated. The evidence shows that the freight, on its shipment, was prepaid by the appellee. The common law liability of the carrier for failure to deliver the property is its value at its destination. Pacific Co. v. Hertzberg, 17 Texas Civ. App., 100. The measure of damages for injuries to live stock in course of shipment is the difference in their market value in the condition in which they arrive at the point of destination, and in which they would have been but for the negligence. Railway v. Birchfield, 12 Texas Civ. App., 145. Therefore, a stipulation in a contract which makes the value at the time and place of shipment, when such value is less than what the property is worth at its point of destination, is a limitation upon the carrier's common law liability, contrary to the statute referred to and void. It has even been held, regardless of such a statutory inhibition, that a condition in a bill of lading providing that the amount of loss or damage incurred by the carrier shall be computed upon the value of the property at the place of shipment, and which makes no provision for repayment of the freight charges received by the carrier, is unreasonable, against public policy and void. Shea v. Railway, 63 Minn., 228; 65 N. W. Rep., 458. The measure of damages at common law being as stated, the court did not err in so instructing the jury, and in refusing to charge them at appellants' request that in assessing the damages they would be governed by the value of the stock at the time and place of shipment.

There is no error complained of requiring a reversal of the judgment, and it is affirmed.

*Affirmed.*