W. E. McCracken v. Lantry-Sharpe Contracting Company.

Decided March 13, 1907.

**1.—Master and Servant—Vice-Principal.**

One who is placed by the employer in charge of certain work with authority to control and direct his other servants in performing it, is a vice-principal, though not invested with power to employ or discharge such subordinates; and the master is responsible for his act in giving an order to a workman under him if such order constitutes negligence and causes injury to the servant attempting to obey it.

**2.—Master and Servant—Safety of Premises During Construction.**

It was error to charge that "the law imposes no obligation upon an employer to keep a building or structure which his employes are engaged in erecting in a safe condition in every moment of their work." Negligence in this particular was a question of fact.

**3.—Inexperienced Workman—Duty to Warn of Danger.**

The fact that the servant had represented himself as experienced and competent in the work does not relieve the master of the duty of warning against danger, if his observation during the work showed him that the servant was in fact inexperienced.

Appeal from the District Court of Bell County. Tried below before Hon. John M. Furman.

Defendant was owner of a rock quarry, Rettiker was its general manager, and Bruce a carpenter in charge of the erection of a rock crushing machine for defendant about which plaintiff and other laborers were employed. Bruce had authority to direct them in their work, but not to employ or discharge them. He sent plaintiff up on the structure to hold the end of a timber which, under his direction, the others were raising by a derrick to place in position as a brace to the main upright timber of the structure. In doing this the upright was pulled down, falling on and crushing plaintiff's ankle.

*J. B. McMahon,* for appellant.—Bruce, though without authority to employ or discharge, was not a fellow-servant of plaintiff, and defendant was liable for his negligence. Abilene Cotton Oil Co. v. Anderson, 91 S. W. Rep., 607, 15 Texas Ct. Rep., 91; Bering Mfg. Co. v. Femelat, 79 S. W. Rep., 869, 9 Texas Ct. Rep., 507; Waxahatchie Cot. Oil Co. v. McLain, 66 S. W. Rep., 226; Merchants & P. Oil Co. v. Burns, 72 S. W. Rep., 626; Gunter v. Graniteville Mfg. Co., 18 S. C., 270; Indiana Car Co. v. Parker, 100 Ind., 181; Nevers v. Green (Mo.),

86 S. W. Rep., 508; Mining Co. v. Davis, 90 Tenn., 207; Union Pac. Ry. Co. v. Doyle, 50 Neb., 555; Hess v. Rossenthal, 160 Ill., 621.

*Harry P. Lawther* and *A. M. Monteith,* for appellee.—Bruce was a fellow-servant. Houston Ice & Brewing Co. v. Pisch (Tex.), 77 S. W. Rep., 1047; Young v. Hahn, 70 S. W. Rep., 950; Cullen v. Norton, 126 N. Y., 1; Donovan v. Ferris, 128 Cal., 48; Wiskie v. Montello Granite Co., 111 Wis., 443; Ft. Worth & D. Ry. Co. v. Ramp, 70 S. W. Rep., 569; Galveston, etc., Ry. Co. v. Smith, 76 Texas, 611; Peschel v. Chicago M. & St. Paul Ry. Co., 62 Wis., 345.

The rule is that it is the duty of the master to provide a reasonably safe place and structure for his servants to work upon; but this obligation does not compel him to keep a building which they are employed in erecting, in a safe condition in every moment of their work, so far as its safety depends on the due performance of that work by them and their fellow-servants. Or, differently stated, this obligation has no reference to the safety or condition of the thing the servant is employed to repair or complete. Armour v. Hahn, 111 U. S., 313; Texas & P. Ry. Co. v. Hahn, 93 Texas, 651; Carlson v. Oregon S. L. & U. N. Ry. Co., 28 Pac. Rep., 497; Porter v. Silver Creek & M. Coal Co., 84 Wis., 424; City of Minneapolis v. Lunden, 58 Fed. Rep., 529; Gulf, C. & S. F. Ry. Co. v. Jackson, 65 Fed. Rep., 48; Finalyson v. Utica M. & M. Co., 67 Fed. Rep., 507; Allen v. Galveston, H. & S. A. Ry. Co., 37 S. W. Rep., 171, 69 S. W. Rep., 174; Richardson v. Anglo-American P. Co., 72 Ill. App., 77; 1 Labatt, Master and Servant, 611, 612, sec. 269; 2 Id., 1722, sec. 588; Holleran v. Union I. and F. Co., 35 S. W. Rep., 260.

The master is under no obligation to warn: (1) Where the danger is apparent, obvious, and open to observation; (2) where the servant has represented himself to be competent, and the master is ignorant of his inexperience. (1) Gulf, C. & S. F. Ry. Co. v. Wittig (Texas Civ. App.), 35 S. W. Rep., 857; International & G. N. Ry. Co. v. McCarty, 64 Texas, 632; Gulf, C. & S. F. Ry. Co. v. Williams, 72 Texas, 159; Houston & T. C. Ry. Co. v. Strycharski, 26 S. W. Rep., 253; Thompson v. Chicago M. & St. P. Ry. Co., 14 Fed. Rep., 566; (2) Missouri Pac. R. Co. v. Watts, 63 Texas, 549; International & G. N. Ry. v. Hester, 64 Texas, 401; Ciriack v. Merchants Woolen Co., 151 Mass., 152; Goodnow v. Walpole Emery Mills, 146 Mass., 261; Perry v. Old Colony Co., 164 Mass., 296; Hathaway v. Illinois C. Ry. Co., 92 Iowa, 337; Junior v. Missouri Elec. Light & P. Co., 127 Mo., 79; Yeager v. Burlington C. R. & N. R. Co., 93 Iowa, 1; Truntle v. North Star Woolen Mill Co., 57 Minn., 52; Cenielewski v. Mollenhaner Sugar Ref. So., 11 App. Div., 111; Wagner v. H. W. Jayne Chemical Co., 147 Pa., 475; Cole v. Chicago & N. W. R. Co., 71 Wis., 114; Paule v. Florence Mining Co., 80 Wis., 350; Dougherty v. West Superior Iron & S. Co., 88 Wis., 843; Buzzell v. Laconia Mfg. Co., 48 Me., 113.

EIDSON, Associate Justice.—This action was brought in the court below by appellant against appellee to recover damages for personal injuries sustained by him while in the employ of appellee, through its alleged negligence. The trial before the court and a jury resulted in a

verdict and judgment in favor of appellee, from which judgment appellant has perfected an appeal to this court.

Appellant's first assignment of error complains of the action of the court below in giving to the jury the following instruction:

"Now, if you find from the evidence that John Bruce was the carpenter in charge of the construction of said rock crusher plant and had authority to direct the details of said work and the workmen engaged upon the same, but had no authority to hire and discharge said workmen, then the said Bruce would be under the law a fellow-servant of plaintiff and defendant would not be liable for his negligence unless the same concurred with negligence of the master and thus assisted in the infliction of the injury." Appellant's contention is that this instruction ignores the principle that where a master places a servant in charge of certain work and confers upon him the authority to control and direct other servants who are placed under him with instructions to obey his orders and directions in the performance of such work, such superior servant, in giving orders and directions to the servants under him, represents the master, and negligence of such servant while in the performance of such duties would be the negligence of the master; and made the sole and exclusive test of whether Bruce was the representative of appellee his authority or want of authority to hire and discharge hands. There is testimony in the record tending to show that Bruce was placed by appellee in charge of the work which was being performed at the time appellant received the injuries upon which this suit is based, and that he was given by appellee authority to control and direct the hands placed under him to assist in the performance of the work, and that such hands were instructed to obey his orders and directions; that appellant was one of the hands placed by appellee under the said Bruce, and that he received his injuries while in the performance of his duties and obeying the orders of the said Bruce, and that the proximate cause of the said injuries was an order given by the said Bruce in the course of said work, and that the giving of such order was negligence. We think this testimony tends to show that at the time appellant sustained his injuries Bruce had authority to perform, and was then in the actual performance of, the duties of appellee (the master), and that his negligence would be the negligence of appellee. (Abilene Cotton Oil Co. v. Anderson, 91 S. W. Rep., 607; Bering Manufacturing Co. v. Femelat, 79 S. W. Rep., 869; Waxahachie Cotton Oil Co. v. McLain, 66 S. W. Rep., 226; Merchants & P. Oil Co. v. Burns, 72 S. W. Rep., 626; Gunter v. Graniteville Manufacturing Co., 18 S. C., 270.) Hence we think the court below erred in giving the charge above quoted.

The charge of the court below complained of in appellant's second assignment of error is erroneous in that it assumes that the employer is not required to keep a building or structure in course of construction in a safe condition every moment during the work thereon; whereas, whether or not he would be so required was a question of fact for the jury to determine from the evidence. Said charge was also erroneous in instructing the jury that none of the employes of appellee engaged in the erection of the structure with plaintiff was a vice-principal of appellee except Retiker; whereas, there was testimony tending to show that John Bruce was also a vice-principal of appellee. Said charge

was further erroneous in the latter part thereof in relieving Retiker, the conceded vice-principal of appellee, from the duty to warn appellant of the danger incident to the work if appellant had represented that he was experienced and competent to perform the work, as it ignored the duty of Retiker to warn appellant of such danger if he saw immediately before the accident, from appellant's acts and conduct, that he in fact was inexperienced in such work, which there was some evidence tending to show.

We are of opinion that the pleadings and evidence justified the special charges requested by appellant and copied in his third, fourth and fifth assignments of error, and that the court below erred in not giving to the jury each of these special charges.

While it is not clear that appellant's pleadings did not authorize the evidence, exclusion of which is complained of in his sixth assignment of error, any doubt upon that question can be avoided by a proper amendment upon another trial.

For the errors indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*

### ON REHEARING.

In appellee's motion for rehearing it is suggested that in the original opinion in this case it is held, as matter of law, that Bruce was the vice-principal of appellee at the time of the accident. Appellee misconstrues the holding of this court upon that question. It was our intention to hold, and the language employed so states, that the trial court erred in giving to the jury the charge complained of in appellant's first assignment of error, because there was evidence tending to show that at the time of the accident Bruce was representing appellee, and that the accident was the result of an order given by him while representing appellee. This holding in no manner withdraws from the jury or the court trying the case the determination of the question as to whether or not Bruce, at the time of the accident, was representing appellee and was its vice-principal. The holding is to the effect that, notwithstanding Bruce may not have had the authority to hire and discharge hands, there being testimony tending to show that at the time of the accident he had authority to perform, and was performing the duties of the master, the liability of the master arising upon such state of facts should not be ignored or withdrawn from the jury.

We can not agree with appellee in its contention that the rulings in the original opinion of this court relating to Retiker's conduct at the time of the accident are not justified by the record, because there was testimony showing that he saw the acts of appellant just before the accident or heard the orders given by Bruce, and because Retiker, by his own testimony, denied seeing such acts or hearing said orders, which was uncontroverted. There being testimony tending to show that Retiker was present at the time of the accident, and in a position to see and hear all that transpired on the occasion, the jury was not bound to take his testimony as to what he heard and saw as conclusive.

The motion for rehearing is overruled.

*Overruled.*