## LANTRY-SHARPE CONTRACTING CO. v. McCRACKEN. †

(Court of Civil Appeals of Texas. Oct. 26, 1910. On Motion for Rehearing, Jan. 4, 1911. On Appellant's Motion for Rehearing, Feb. 8, 1911.)

1. MASTER AND SERVANT (§ 189*) — "VICE PRINCIPAL"—WHO ARE.

One is a "vice principal" who is employed to hire, direct, and discharge employés or to whom the employer has delegated a duty owing to workmen, though otherwise he may be a fellow servant; it being the authority given in a particular matter, and not the grade of service, which determines the issue of vice principal or fellow servant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 427–437; Dec. Dig. § 189.*

For other definitions, see Words and Phrases, vol. 8, pp. 7313–7316; vol. 8, p. 7827.]

2. MASTER AND SERVANT (§ 190*)—FELLOW SERVANTS—VICE PRINCIPALS.

Though one be a vice principal as to general management and control of work, if his negligence be that of a colaborer and not in exercising his authority, he is, as to such negligence, a fellow servant and not a vice principal.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 449–474; Dec. Dig. § 190.*]

3. MASTER AND SERVANT (§ 185*) — FELLOW SERVANTS—REPRESENTING THE MASTER.

Where one employé is placed under the control of another, the latter's orders respecting the work are the employer's orders regardless of the grade which the directing employé otherwise holds.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 385–421; Dec. Dig. § 185.*]

4. MASTER AND SERVANT (§ 294*)—VICE PRINCIPALS—INSTRUCTIONS.

In an action for injury to a workman, an instruction stating that the employé whose negligence caused the injury was a fellow servant was properly refused, where there was evidence that he was employed as foreman, and the injured workman had been directed to obey him, and that the injury was caused by an order given by the foreman, though he had no power to hire or discharge.

[Ed. Note.—For other cases, see Master and Servant. Cent. Dig. §§ 1162–1167; Dec. Dig. § 294.*]

5. MASTER AND SERVANT (§ 190*)—ACTS OF VICE PRINCIPAL—RATIFICATION.

If a vice principal on hearing a negligent order given permits it to be obeyed, he thereby makes it his own.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 190.*]

6. MASTER AND SERVANT (§ 289*)—INJURY TO EMPLOYÉS—JURY QUESTION.

In an action for injury to a workman in erecting a rock crusher held proper under the evidence to refuse a peremptory instruction asked by defendant, based on the theory that plaintiff had represented himself to be experienced.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 289.*]

7. MASTER AND SERVANT (§ 107*) — SAFE PLACE TO WORK—DUTY TO PROVIDE.

Generally, an employer owes a nonassignable duty to furnish a safe place in which his employés are to work, but not when the danger is transitory and due to no fault or plan or construction, but to the nature of the work.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 199–202; Dec. Dig. § 107.*]

8. EVIDENCE (§ 208*) — ADMISSIONS — PLEADINGS—ADMISSIBILITY.

In a personal injury action, it was not error to admit in evidence defendant's abandoned answer which stated how the accident occurred, it not appearing that such answer contained a general denial.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 718, 719; Dec. Dig. § 208.*]

### On Motion for Rehearing.

9. MASTER AND SERVANT (§ 153*)—DUTY TO WARN.

An employer need not warn an employé against dangers incident to the work, where the latter has represented himself to be competent and the employer is ignorant of his inexperience.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 314–317; Dec. Dig. § 153.*]

10. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

In an action for injury to an employé, an assignment of error to refusal to direct a verdict for defendant is insufficient to present propositions concerning the employer's duty to provide a reasonably safe place of work and to warn employés representing themselves to be experienced, where the evidence was conflicting on material issues, and where the statement referred to under the assignment showed a conflict of evidence.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 742.*]

11. MASTER AND SERVANT (§ 226*)—ASSUMPTION OF RISK—NEGLIGENCE OF MASTER.

An employé's assumption of obvious risks does not release the employer's liability for injury caused by the employer's intervening negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 659–667; Dec. Dig. § 226.*]

12. APPEAL AND ERROR (§ 1001*)—REVIEW—CONCLUSIVENESS OF VERDICT.

A verdict sustained by evidence will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922–3934; Dec. Dig. § 1001.*]

Appeal from District Court, Bell County; John D. Robinson, Judge.

Action by W. E. McCracken against the Lantry-Sharpe Contracting Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Harry P. Lawther and A. M. Monteith, for appellant. J. B. McMahon, for appellee.

JENKINS, J. This is a suit to recover damages for personal injuries incurred in the erection of a rock crushing machine, a drawing and description of which will be found in the report of this case on a former appeal. 117 S. W. 454. There will also be

found in said report a statement of the nature and extent of appellee's injury. We adopt the statements so made as to these matters as our own statements herein. In the last trial of this case in the court below, appellee recovered judgment for $1,999.50.

1. Appellant assigns as error the giving of the sixth paragraph of the general charge, and the refusal to give special charge No. 4 requested by appellant. Said sixth paragraph is as follows: "You are further charged that an agent or employé who is vested by the master with the authority over other employés to superintend, control, or command other employés or servants, and with authority to direct other employés in the performance of their duties, and not otherwise co-operating with them in the performance of their duties, is a vice principal of such employer, and is not a fellow servant of such other employés, and such employer would be responsible for any damage resulting from the negligence of such vice principal. Now if you find from the evidence that John Bruce was the foreman and carpenter in charge of the construction of said rock crusher plant, and had authority from the defendant to direct the details of said work, and to direct and supervise the workmen engaged upon same, and was at the time of said injury actually directing other employés in the performance of their duties, and not merely co-operating with them in the performance of their duties, then the said John Bruce would not be in law a fellow servant of such other employés or of the plaintiff, and the defendant would be liable to the plaintiff for any injury sustained by him through the negligence of the said John Bruce, if any. You are charged that in this case W. C. Roettiger is a vice principal of the defendant, and the defendant would be liable to plaintiff for any injuries resulting to him from the negligence of said Roettiger, if any."

Said special charge No. 4 is as follows: "In this cause you are instructed that Bruce was a fellow servant with the plaintiff McCracken, and if you find from the evidence that the falling over of the upright timber was directly and proximately caused by an act of Bruce, you will find for the defendant."

Appellant's proposition under these two assignments is that Bruce was a fellow servant. If the evidence clearly shows that Bruce was a fellow servant, special charge No. 4 should have been given, and it was error to give the sixth paragraph of the charge above set out. But if the evidence shows that Bruce was a vice principal, or if the evidence is contradictory on this point, it would have been error to have given said special charge, or to have failed to charge the law as to vice principals. The facts relied upon to sustain the action of the court in this regard are as follows: One Roettiger was the general manager of appellant in

erecting said rock crusher, and was around and about the same while the work was being done. He employed John Bruce, an expert carpenter, as foreman on said work, and instructed the workmen, and the appellee in particular, to do whatever Bruce told him to do. Bruce was actually directing the work and giving instructions at the time the injury occurred; and, if appellee's testimony be true, gave the order, which a jury might well have found was the proximate cause of appellee's injury. Bruce had no authority to employ and discharge the hands working under him. We hold the following to be the law upon this matter: (1) Where a party has not only the power to direct and control those under him, but also to hire and discharge them, he is a vice principal, and it is not necessary that his acts should be in relation to those things which the master has impliedly contracted to furnish. (2) He is a vice principal to whom the master has delegated a duty which he owes to his servants and has impliedly contracted to perform, though otherwise he may be but an employé and a fellow servant. It is the authority given in the particular matter and not the grade of service which determines the issue as to vice principal or fellow servant. (3) Though one be a vice principal as to the general management and control of the work, if his negligence be that of a colaborer, and not in the exercise of the authority delegated to him, he is, as to such negligence, a fellow servant and not a vice principal. (4) Where one is placed by the master under the control of another, and told to obey his instructions, the orders given by such other in relation to the work in hand, are the orders of the master, without reference to the rank or grade which he otherwise holds in such service. In such case the power to employ or discharge is not necessary.

The following authorities are deemed sufficient to sustain and illustrate the above propositions: Douglas v. Railway Co., 63 Tex. 567; Russ v. Railway Co., 112 Mo. 45, 20 S. W. 473, 18 L. R. A. 823; Young v. Hahn, 96 Tex. 101, 70 S. W. 950; Railway Co. v. Williams, 75 Tex. 7, 12 S. W. 835, 16 Am. St. Rep. 867; Railway Co. v. Peters, 87 Tex. 222, 27 S. W. 257; Nix v. Railway Co., 82 Tex. 476, 18 S. W. 571, 27 Am. St. Rep. 897; Railway Co. v. Smith, 76 Tex. 616, 13 S. W. 562, 18 Am. St. Rep. 78; Railway Co. v. Farmer, 73 Tex. 85, 11 S. W. 157; Manufacturing Co. v. Femelat, 35 Tex. Civ. App. 36, 79 S. W. 869; Oil Co. v. Anderson, 41 Tex. Civ. App. 342, 91 S. W. 608; Oil Co. v. McLain, 27 Tex. Civ. App. 334, 66 S. W. 228; Oil Co. v. Burns, 72 S. W. 629; McCracken v. Contracting Co., 45 Tex. Civ. App. 485, 101 S. W. 520; Hunt v. Lead Co., 104 Mo. App. 377, 79 S. W. 713; Bane v. Irwin, 172 Mo. 306, 72 S. W. 523. Such being the law the court did not err under the evidence in this case in refusing to peremp-

torily instruct the jury that Bruce was a fellow servant of appellee, nor in instructing the jury as to what facts would constitute the said Bruce a vice principal. It would have been error for the court to have instructed the jury, as a matter of law, that Bruce was a vice principal, simply from the fact that appellee had been placed under his control, with instructions to obey his orders; for, according to the contention of appellant, appellee was not injured in consequence of any order given by Bruce, but on account of the carelessness of said Bruce and appellee in taking hold of the brace and pulling it towards them (which, if true, would be the act of Bruce as a fellow servant) or in consequence of the negligence of other fellow servants in failing to pull the tag rope, as directed by said Bruce.

2. Appellant complains of the action of the court in submitting to the jury the alleged negligence of Roettiger, the admitted vice principal; the contention of appellant being that the evidence shows that said Roettiger was not present at the time of the injury. The evidence on this issue was conflicting, and it was proper to submit it to the jury. The court did not err in instructing the jury that if said Roettiger was present, and heard the orders given by Bruce, and permitted said orders to be obeyed, the acts of said Bruce in giving the orders would be the acts of Roettiger.

3. Appellant complains of the action of the court in refusing to peremptorily instruct the jury to find for appellant, and in instructing the jury to find for the appellee (other elements of damages being shown) if they found that Roettiger or Bruce, under the direction of Roettiger, placed appellee in a dangerous place, and that Roettiger or Bruce knew of the danger of working in said place, and that appellee was inexperienced in said work, and did not know of its danger, and that said Roettiger or Bruce knew that appellee was inexperienced and did not know of such danger, and each of them failed to warn said Bruce as to said danger. Appellant's contention is (1) that appellee had represented himself as an experienced "topman," and (2) that under the facts of this case it was not the duty of appellant to furnish the appellee with a safe place in which to work. As to whether or not appellee was an experienced "topman"—that is, accustomed to walk on high scaffolding—is material in this case, inasmuch as it reasonably appears that if he had been he might have gotten out of the way after the upright timber began to fall, as did Bruce, who was in equally as dangerous a position at the time. But we do not think that a peremptory instruction to find for appellant should have been given, for the reason that the evidence is conflicting as to the representations made by appellee at the time of his employment. Appellee denies making such representations, but says that he stated

the experience which he had had in this regard, which was limited; and it is further made to appear that both Bruce and Roettiger saw appellee "cooning" around on the beams just before the accident, from which it might be inferred that he was inexperienced in such work. Besides, we think that appellee's right to recover does not depend solely upon the proposition that the place was not a safe one in which to work, as will more fully appear in a subsequent portion of this opinion.

As to the duty of the master to furnish a safe place in which the servant is to work, we understand the general rule to be that such is the duty a master owes to all of his servants, and that this duty is nonassignable and nondelegable; but this duty has no application, when the danger to which the employé is exposed is merely transitory, due to no fault of plan or construction, but is one which from the nature of the work, such transitory conditions frequently arise, which fact must reasonably be known to the servant engaged in such work. Armour & Co. v. Dumas, 43 Tex. Civ. App. 36, 95 S. W. 710; Allen v. Ry. Co., 14 Tex. Civ. App. 344, 37 S. W. 171. "The obligation of a master to provide reasonably safe places and structures for his servants to work upon does not impose upon him the duty, as towards them of keeping a building, which they are employed in erecting, in a safe condition at every moment of their work, so far as its safety depends upon the due performance of that work by them and their fellows." Armour v. Hahn, 111 U. S. 313, 4 Sup. Ct. 433, 28 L. Ed. 441. While the court would not have been justified in peremptorily instructing a verdict for the appellant on the ground of assumed risk by an experienced workman, or, at least, one who had represented himself to be such, we do not think the issue of, an unsafe place in which to work, such fact being unknown to appellee by reason of his inexperience, is an issue in this case, and therefore should not have been submitted to the jury. If the place of work was dangerous to appellee by reason of his inexperience, and without reference to such acts of his fellow workmen as he ought to have anticipated, it was because that being unaccustomed to stand or work on high scaffolding or beams, there was danger that he would fall off if he attempted so to do, a danger equally as apparent to an unskilled workman as to the most experienced. The work upon which he was engaged being that of erecting a high machine, he must be held to have anticipated that it might at any time be rendered unsafe by reason of the negligence of his fellow workmen. The real and only issue in this case is, Was the act of Bruce in his capacity as vice principal the cause of the injury, or was such injury caused by the negligence of appellee's fellow servants in failing to pull on the rope, as ordered by Bruce?

4. The parties to this suit have complete-

ly changed positions since filing their original pleadings herein, and since this case was reversed and remanded by the Court of Civil Appeals for the Sixth District. The original contention of appellee was that the brace which was being hoisted, failed to catch on the upright the first time, and that in attempting the second time to land it, it was pulled down in consequence to obedience to orders given by Bruce. The answer of appellant was that the brace caught on the upright the first time, and that the upright was caused to fall by the joint act of Bruce and appellee in pulling on said brace. Appellee's amended petition upon which he went to trial the last time, alleged that the beam caught on the upright the first time, and that the fall was caused by the men who had hold of the rope pulling when it was in this condition, as ordered by Bruce. Appellant also amended its answer, and, in addition to a general denial, alleged that "upon the first attempt to swing said brace into position it failed to land, and the timber swung back to the south and was hanging loose," and that Bruce ordered the men to give another pull, and that, in doing so, the brace caught on the upright, in consequence of the negligence of the squad on the north failing to pull their tag rope, as ordered to do by Bruce. Now, if it be true, as alleged by appellee that the brace caught on the upright in the first effort to land the same, and while it was in that condition, Bruce negligently ordered the men on the ground to pull and that they did so, thereby pulling the upright over and causing it to fall on appellee, the appellee has a good cause of action. On the other hand, if, as alleged by appellant, the brace did not catch on the upright the first time, but caught the second time by reason of the negligence of appellee's fellow workmen in failing to pull on their rope, as ordered to do by Bruce, appellee has no cause of action.

Upon this material issue, appellee was permitted to read in evidence from appellant's abandoned answer as follows: "Further answering, said defendant, by its attorney, comes and says: That the accident and resultant injuries to plaintiff, the said W. E. McCracken, as set out and alleged in his original petition, were directly and proximately caused by the said W. E. McCracken's own carelessness and negligence in this, to wit: That he and a fellow servant by the name of Bruce were standing, just prior to the accident, upon the second bent of the structure hereinbefore described by the side of the farthest north of the three upright timbers which had been placed upon said bent and temporarily fastened and braced as hereinbefore described, and were engaged in assisting to put into position the permanent brace timber; said brace at the time was suspended from the boom of the derrick and was being swung into position by means of a derrick; and fellow workmen of plaintiff and said Bruce, upon the ground, were guiding same by means of ropes attached to the end of said brace, one squad of workmen having hold of the rope attached to the end nearest the upright timber. Defendant shows that in swinging brace timber into position desired the derrick block caught upon the top of said central timber; that it thereupon became and was the duty of plaintiff to direct the squad of workmen having hold of the rope attached to the end of said timber brace nearest central upright timber to pull hard on same, which would have disengaged said derrick block from the top of said upright timber; but that, instead, plaintiff, knowing that said upright timber was merely temporarily fastened and braced, said to Bruce, 'Let's give it another pull,' and he and said Bruce with their hands caught hold of said brace timber nearest them, and with all their might carelessly and negligently pulled upon the same, pulling said timber towards themselves; that said derrick block being caught upon the top of said upright timber, as aforesaid, plaintiff and said Bruce thus pulling upon said brace timber, pulled the top of said central upright timber over towards them; and being temporarily braced and fastened, as aforedescribed, said upright timber toppled over; but at the start fell very slowly, and plaintiff, had he exercised the case (care) of an ordinary prudent person under similar circumstances, could have gotten out of the way of said falling timber; but that, instead, plaintiff carelessly and negligently, and without the exercise of proper care, turned his eyes away from said falling timber, and without watching the direction in which the same was falling, suffered his left leg and foot to extend in the very way of said falling timber; by reason of which said timber fell upon said leg and foot, causing the injuries set out in plaintiff's petition, and of which he complains," etc.

Appellant excepted to this action of the court, and assigns error thereon. The authorities are in hopeless conflict as to whether or not a statement in an abandoned pleading, not signed or sworn to by the party himself, is admissible in evidence. Those jurisdictions holding that statements of fact in abandoned pleadings, signed by the attorney only, are admissible in evidence, place it upon the ground that an attorney is the agent of his client in matters pertaining to the suit, that his statements in the pleadings are the statements of his client, and that admissions against interest of material facts, however or whenever made, though not conclusive, are always admissible in evidence. Some authorities limit such admission to direct statements of material facts which it must be presumed the attorney obtained from his client. 1 Gr. Ev. § 171, note a.

Other courts have announced what seems to us to be a sound statement, that pleadings in no case, whether abandoned or not, are evidence at all. The contention in this

regard being that the office of pleadings is to arrive at the issue or issues in the case; that what is stated in the petition and not denied in the answer is to be taken as incontrovertibly true; that matters of defense not pleaded are conclusively presumed, for the purpose of the case, not to exist. In other words, if a fact material to plaintiff's recovery, or to the defendant's defense, be not alleged there is no issue as to such fact. Neither is a fact in issue if it be alleged by one party, and not denied by the other; that evidence is that which tends to prove or disprove an issue made by the pleadings; that the pleadings are to be looked to not by the jury to determine what are the facts, but by the court to ascertain what issues of fact are to be determined by the jury. This is doubtless what Judge Roberts meant in Coats v. Elliott, 23 Tex. 613 when he said: "They (the jury) had no concern with the pleadings; nor were they the proper subject of discussion before the jury." In Bauman v. Chambers, 91 Tex. 111, 41 S. W. 471, Chief Justice Gaines said: "We do not understand that it is ever necessary, or even proper, to read in evidence to the jury the pleadings upon which the parties go to trial. It is the duty of the court to construe the pleadings, and to submit to the jury the issues of fact made by them."

This view of the office of pleadings was in Massachusetts long ago crystallized in a statute, which provides that the pleadings shall not be deemed evidence on the trial, but allegations only, whereby the party is bound. Phillips v. Smith, 110 Mass. 61. Among the decisions in other jurisdictions holding that abandoned pleadings are not admissible in evidence are: Mecham v. McKay, 37 Cal. 165; Stern v. Loewenthal, 77 Cal. 340, 19 Pac. 579; Wheeler v. West, 71 Cal. 126, 11 Pac. 871; Miles v. Woodward, 115 Cal. 308, 46 Pac. 1076; Smith v. Davidson (C. C.) 41 Fed. 172; Gilmore v. Borders, 2 How. (Miss.) 824; Cooley v. State, 55 Ala. 162; Callan v. McDaniel, 72 Ala. 96; Dennie v. Williams, 135 Mass. 28. The following Texas cases support the proposition that an abandoned pleading, not signed or sworn to by the party himself, is not admissible in evidence: Medlin et al. v. Wilkins et al., 1 Tex. Civ. App. 465, 20 S. W. 1027; Electric Co. v. Berg, 10 Tex. Civ. App. 219, 30 S. W. 464; Railway Co. v. Reed, 32 S. W. 123; Dunson v. Nacogdoches County, 15 Tex. Civ. App. 11, 37 S. W. 979; Sweetzer v. Claflin & Co., 74 Tex. 670, 12 S. W. 395.

On the other hand, the Court of Civil Appeals for the Fourth District in the case of Goodbar Shoe Co. v. Sims, 43 S. W. 1066, reversing its former decision in Railway Co. v. Reed, 32 S. W. 123, in Jordan v. Young, 56 S. W. 765, and in Wright v. Mortgage Co., 54 S. W. 369, and the Court of Civil Appeals for the Fifth District, reversing its former decision in Railway Co. v. Wellington, 57 S. W. 857, held such abandoned pleading to be admissible. Each of these courts states that it reverses itself upon this proposition on the authority of Barrett v. Featherstone, decided by our Supreme Court. 89 Tex. 567, 35 S. W. 11, 36 S. W. 245. We do not understand that case to be authority for the proposition that an abandoned answer, not signed by the defendant, nor sworn to by him, is admissible in evidence. The answer in that case was drawn by the defendant himself, who was an attorney, and was signed and sworn to by him.

In the recent case of Railway Co. v. De Walt, 96 Tex. 134, 135, 70 S. W. 531, 97 Am. St. Rep. 868, Justice Williams, in answer to a certified question, held that an allegation of fact in an abandoned pleading was admissible in evidence, but he puts it on the ground that "the certificate only shows that the fact in question was alleged in the plea offered in evidence, by which we understand that such fact was admitted and not otherwise put in issue." Had it been shown that the abandoned plea contained a general or special denial of the fact sought to be proven by that portion of the plea offered in evidence, we think that, under our statute permitting a party to plead inconsistent defenses a very different question would have been presented. See Duncan v. Magette, 25 Tex. 249; Silliman v. Gano, 90 Tex. 647, 39 S. W. 559, 40 S. W. 391; Printing Co. v. Copeland, 64 Tex. 356; Young v. Kuhn, 71 Tex. 645, 9 S. W. 861.

In this case, it not appearing that the abandoned plea contained a general denial, upon the authority of Railway Co. v. De Walt, supra, we hold that the court did not err in admitting in evidence that portion of it offered by appellee.

For the errors indicated, this case is reversed and remanded.

Reversed and remanded.

### On Motion for Rehearing

In our former opinion herein we reversed the judgment of the trial court, for the reason that we did not think that the duty of the employer to furnish an employé with a safe place in which to work was an issue in this case, whether the appellee was an experienced or an inexperienced "topman," and that the court erred in submitting this issue to the jury. Appellant's propositions as to this matter are: (1) "The rule that it is the duty of the master to provide a reasonably safe place and structure for his servants to work upon does not compel him to keep a building which they are employed in erecting in a safe condition every moment of their work, so far as its safety depends on the due performance of that work by them or their fellow servants. Or, differently stated, this obligation has no reference to the safety or condition of the thing the servant is employed to repair or complete." (2) "The master is under no obligation to warn * * * where the servant has represented himself to

be competent, and the master is ignorant of his inexperience."

As indicated in our opinion herein, we think these are sound propositions of law, but appellee insists they are not presented in this case under any proper assignment of error or statement of the facts. A re-examination of the record has convinced us that appellee is correct in this regard. These propositions are made under appellant's eighth assignment of error, which is as follows: "The court erred in refusing to give to the jury special charge No. 1, requested by the defendant as follows: 'In this case you are instructed to find a verdict for the defendant.'" We did not sustain this assignment, and it should not have been sustained, unless under the undisputed facts the appellant, as a matter of law, was not liable for the injuries received by appellee. The evidence was conflicting upon every material fact in the case. The appellee's right of recovery did not depend solely upon the proposition that the place was itself an unsafe one in which to work. Such being the case, the propositions above set out are not pertinent to said assignment. The only statement under said assignment is: "See statement of the case, supra." By reference to the preliminary statement referred to, we find the description of the machine and the manner in which appellee was injured fully set out, but such statement shows a conflict in the evidence, and does not justify a peremptory instruction for appellant. Such being the case, we were in error in sustaining said propositions under said assignment.

Upon a careful review of the entire record, we are of the opinion that the judgment of the trial court should have been affirmed. We therefore grant the motion of appellee for a rehearing, and affirm the judgment of the court below.

Motion granted, and judgment affirmed.

### On Appellant's Motion for Rehearing.

On a former day of the present term of this court we reversed and remanded this case on account of the supposed error of the trial court in submitting to the jury the issue as to the duty of a master to furnish a servant a safe place in which to work. The charge upon which our decision was based is as follows: "Now, if you find from a preponderance of the evidence that plaintiff at the time of the accident was inexperienced in the work then being done, and did not know of the danger thereof, and if you further find that W. C. Roettiger, as vice principal of the defendant, employed the plaintiff to work for the defendant and placed him under the control and management, in doing his work, of John Bruce, and gave said Bruce authority as foreman to direct the labors of plaintiff and other employés engaged in the erection of said structure; and if you further find that Roettiger and Bruce, or either of them, knew of the danger of working at the place where plaintiff was injured, and knew that plaintiff was inexperienced, or while working upon said structure immediately before said accident happened, said Roettiger and Bruce, or either of them, saw from plaintiff's acts and conduct that he was inexperienced, and failed to warn him of such danger, and that such failure to warn plaintiff of such danger was the direct and proximate result of his injuries, if any, you will find for plaintiff, unless you find for defendant under instructions hereinafter given you."

Appellee filed a motion for a rehearing, in which he contended that the trial court did not in fact submit this issue. A more careful examination of said charge convinced us that we had misconstrued the same. As will be seen, said charge is to the effect that if appellee did not know of the danger "of the work being done," and that appellant's agents and vice principals did know of such danger, etc. Such danger as to "the work being done" might arise from the negligence of appellant in attempting to have the same done without reference to the danger of the place in which the same was being done. Appellee contends that the negligence of Bruce, the vice principal of appellant in giving the order to pull on the ropes, under the circumstances under which said order was given, was the proximate cause of the injury; and if this be true, the danger of the place, in the sense that he could not escape from the falling timber as easily as he might have done had he been on the ground, was but a condition and not the cause of the injury.

Appellee's motion for a rehearing having been granted, and the judgment of the lower court affirmed, appellant has filed a motion for a rehearing in which it also asserts that the trial court did not submit to the jury the issue as to a safe place in which to work. The language of appellant's motion in this regard is as follows: "In its general charge the trial court did not instruct the jury upon the obligation of the master to furnish the servant a safe place in which to work; and in its general charge and in the special charges given at appellant's request, instructed the jury as to the law of assumed risk, assumed risk of a known danger, negligence of fellow servants, the duty of the master to warn and the circumstances under which he was relieved of that duty." Such being the case, we see no reason for setting aside the judgment of the court below.

Appellant insists that the court erred in failing to peremptorily instruct the jury to return a verdict for defendant, and cites in its able brief a number of decisions relating to obvious danger and assumed risk. If appellee had been injured in obeying an order of appellant, in the doing of which he must, as a reasonable man, have known that he was exposing himself to danger, and had suf-

fered injury by the happening of the thing, the danger of which must have been apparent to him, he could not recover for such injury. It often happens that one takes chances in doing a thing where the danger is obvious, and yet is not injured. Now can it be said that because he assumed the risk as to the dangers which were obvious, and was injured by something, the danger of which was not obvious, but which occurred on account of the intervening negligence of the master, that he cannot recover for such injury? The answer is obvious. Take, as an illustration, the case of Hightower v. Gray, 36 Tex. Civ. App. 674, 83 S. W. 254, cited by appellant, and which may well take rank as a leading case on this subject. Here the plaintiff was digging a cellar under a house by tunneling under rock, and then striking it and causing it to fall. A rock under which he had tunneled fell upon him of its weight. Held he could not recover. He had been taking chances on this for seven or eight days, and had not been hurt, and yet the danger was obvious to every man who knows the laws of gravitation. But suppose he had tunneled under a rock which had not fallen, and which would not have fallen of its weight, and his employer, unknown to him, had placed a heavy body on the earth above, by reason of which the rock had been caused to fall and injure the employé, could it be contended that because he took the chances of the rock falling of its own weight that he also assumed the risk of the employer's negligence, whereby the rock was caused to fall? Certainly not

It will be seen from the excerpt from appellant's motion as above set out that the issues arising upon the facts of this case were submitted to the jury, and the evidence being conflicting, and sufficient to support the verdict of the jury, we do not feel called upon to disturb the judgment of the court below. We therefore overrule appellant's motion for rehearing.

Motion overruled.